## TIDAL PIPE LINE CO. v. SMITH et al.

No. 22294. Opinion Filed Oct. 13, 1931.

Y. P. Broome and J. C. Wilhoit, for petitioner.

J. Berry King, Atty. Gen., and A. G. Morrison & Sons, for respondents.

McNEILL, J. This is an original action to review an order and award of the State Industrial Commission made on March 25, 1931, in favor of the respondent, A. C. Smith.

The respondent was in the employ of the Tidal Pipe Line Company, and on January 7, 1929, received an accidental personal injury. He describes the accident as follows:

"Q. What were you doing at the time you received this injury? A. Taking forms out of a drainage sump. I had a crowbar and was taking out forms where we run cement out of the sump and the bar slipped and there was oil on the floor where we had dropped it, and when the bar slipped my feet slipped and it threw the bar and me together and caused the breaking of two ribs, and the crowbar struck me in the breast. Q. Whereabouts did it hit you? A. Right over the heart. Q. What injury then did you receive from this? A. I received two ribs broken and my lung was injured, and my nerves were injured in my arm and where it comes over the breastbone here."

Respondent received medical treatment from different doctors. Dr. K. P. Hampton of Maud, Okla., on the date of the injury examined him and took an X-ray of his ribs, which showed a fracture of some ribs near the sternum, or breastbone. Later he was treated by Dr. Salzburg, of Seminole, Okla. Dr. Salzburg also X-rayed the respondent's chest and found evidence of a fracture of three or four ribs on the left side. Respondent later received treatment from Dr. Pruett of Tulsa, Okla., on March 8th, and was again examined. His X-ray examination indicated a fracture of the ribs on the left side. He was then returned to Seminole, reporting for work on March 13, 1929, and was given light work until April 4, 1929, when the respondent was discharged by petitioner. The respondent was paid compensation at the rate of $15.58 per week from January 8, 1929, until March 13, 1929, the date on which he returned to work.

Respondent received $143 as compensation and the last payment was made to cover the month of March, 1929. Thereafter, respondent, on May 11, 1929, filed a motion requesting a hearing before the Industrial Commission, which was set down on the Seminole docket on July 31, 1929. At this hearing respondent was ordered by the Commission to report to Dr. E. B. McBride, of Oklahoma City, for further examination, and on August 9, 1929, an examination was made by Dr. McBride, who filed his report with the Commission on August 12, 1929.

On December 10, 1929, respondent was again ordered to report to Dr. McBride for further examination and reported to him on January 9, 1930. Dr. McBride filed his report with the Commission on January 18, 1930. The case was set for hearing at Oklahoma City on May 26, 1930, at which time the respondent failed to appear. The case was continued by reason of his failure to appear to June 19, 1930, at which time respondent again failed to appear, although counsel for the respondent and for petitioner appeared on both of said dates, and on June 19, 1930, the Commission placed the case on the indefinite docket.

On February 21, 1931, respondent filed with the Commission an application requesting his case to be set down for hearing. The same was set for hearing on March 9, 1931, the Commission made its order and award, being as follows:

"Now, on this 27th day of March, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearing had before Commissioner Mat McElroy at Oklahoma

City on March 9, 1931, on motion of respondent, at which hearing claimant appeared in person and by his attorney, W. P. Morrison, respondent being represented by J. C. Wilhoit and J. C. Young.

"Having reviewed the testimony taken at said hearing, examined all records on file in said cause, and being otherwise well and sufficiently advised in the premises, the Commission finds:

"(1) That claimant herein on and prior to January 27, 1929, was in the employment of this respondent and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"(2) Arising out of and in the course of his said employment claimant on January 27, 1929, sustained an accidental personal injury as a result of which claimant was temporarily totally disabled from the date of said injury to March 13, 1929, for which period of time claimant was paid compensation at the rate of $15.58 per week, and at which time, to wit: March 13, 1929, claimant was given light work by the respondent herein, and drew wages up to April 4, 1929.

"(3) That the everage weekly wages of claimant at the time of said accidental personal injury was $24.30.

"(4) That as a result of said accidental injury claimant's wage-earning capacity after April 4, 1929, in the same employment, or otherwise, was $30 per month, or $7.50 per week by reason of the permanent partial disability suffered herein.

"(5) That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to sixty-six and two-thirds per cent. of the difference between his average weeky wages at the time of the accidental injury and his wage-earning capacity after April 4, 1929, in the sum of $11.20 per week, payable during the continuance of such permanent partial disability not to exceed 300 weeks.

"The Commission is of the opinion, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $11.20 per week for a period not to exceed 300 weeks from April 4, 1929, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest; that there is now due claimant a total of 100 weeks' and 3 days' compensation, computed from April 4, 1929, to March 9, 1931, at the rate of $11.20 per week, or the sum of $1,125.60; and to continue said compensation at the rate of $11.20 per week thereafter until otherwise ordered by the Commission.

"It is therefore ordered: That within 15 days from this date respondent herein, Tidal Pipe Line Company, pay to this claimant the sum of $1,125.60, being compensation computed from April 4, 1929, to March 9, 1931, at the rate of $11.20 per week, and continue the payment of said compensation thereafter for a period not to exceed 300 weeks, or until otherwise ordered by the Commission.

"It is further ordered: That within 30 days from this date respondent herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order.

"Opinion and Order by Commissioner Mat McElroy.

"Chairman Thos. H. Doyle, concurring."

"MMcE:AJ"

The record shows that the respondent has been examined by eight different doctors, and at the time the award was made, the respondent exhibited himself to the Commission and the request was made of the Commissioner to feel of his chest, and the answer of the respondent in reference to his injury was that he had broken ribs on both sides of the sternum, and that he could feel the bones broken, and he stated:

"When I work this here, it hurts it in here where the ribs is broken."

He also testified as follows:

"Q. What movements pain you? A. Some are worse, but it is sore all of the time. Q. Can you lift anything? A. On this side I can't lift anything heavy at all, and when I lift on the other side, anything heavy, it creates this soreness and creates this irritation in there. Q. After the time you were discharged when you were doing this light work that you did for 16 or 17 days' time, have you been able to do any manual labor since that time, Mr. Smith? A. I have not been able to do heavy manual labor at all. Q. Have you been able to do manual labor since your accident? A. No, sir; not what you would call heavy manual labor. Q. You have not been able to? A. Nothing that there was any hard manual labor to."

Counsel for petitioner in their brief state as follows:

"We are not contending that there is an entire lack of evidence to sustain the findings of the Commission that claimant sustained an injury while in the employ of the respondent and while in the course of his employment. Nor do we contend that there is an entire failure of evidence that claimant was suffering from some disability at the time of the final hearing."

From petitioner's brief:

"While we have admitted there is some evidence of disability, we earnestly contend there is no competent evidence on which the

Commission could base its findings, that claimant was entitled to receive the sum of $11.20 per week for 30fi weeks, or, that as a result of said accidental injury claimant's wage-earning capacity after April 4, 1929, in the same employment or otherwise, was $30 per month or $7.50 per week, by reason of the permanent partial disability suffered herein."

Counsel complain that there is no testimony on which the Commission could possibly base its finding that respondent's wage-earning capacity after April 4, 1929, was $7.50 per week, and the only testimony on this question is that the claimant had earned probably $30 per month. On this question the respondent testified as follows:

"Q. After you did this light employment with the respondent that they gave you, this 16 or 18 days, have you been able to do anything that you have earned any money out of at all? A. No. I have not earned any wages at all. I will tell you. Now, all the work I done at all I done for one man and he gave it to me for charity's sake. By Mr. Wilhoit: I move that be stricken as incompetent. By Mr. Morrison: I think that's right. Just tell the Commission what you did; what you earned. A. (continuing) My earning power since they kicked me out—probably my earning power has been nothing for the past two years—$30 probably."

There is no evidence that the respondent had earned $30 per month since his injury. The evidence is:

"My earning power since they kicked me out—probably my earning power has been nothing for the past two years—$30 probably."

The Commission found that the respondent received an accidental personal injury arising out of and in the course of his employment with petitioner on January 27, 1929, and as a result of which the respondent was temporarily totally disabled from the date of his injury to March 13, 1929, for which period of time the respondent was paid compensation at the rate of $15.58 per week, and that the average weekly wage of respondent at the time of said injury was $24.30; that as a result of said accidental injury respondent's wage-earning capacity after April 4, 1929, in the same employment, or otherwise, was $30 per month, or $7.50 per week, by reason of the permanent partial disability suffered by respondent.

The finding of the Commission as to the earning power of respondent was a question of fact for the determination of the Commission, from a consideration of all the testimony, facts, and circumstances in the case.

A review of this record discloses that respondent had a sunken chest; that the breastbone had been torn loose from the rib attachments, and that he had been thoroughly examined by many doctors; that he had not been able to do any heavy manual labor since the date of the injury; that on one side of his body he was unable to lift anything heavy at all, and when he endeavored to lift anything which was heavy on the other side of his body, it created a soreness and irritation in his breast.

The Commission was justified in making its award of permanent partial disability under subdivision 3 of 7290, C. O. S. 1921, which award is subject at any time to reconsideration of the degree of such impairment on a change of condition by the Commission on its own motion, or upon the application of any party in interest.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.