### HYDE CONSTRUCTION CO. et al. v. O'KELLEY et al.

No. 22384. Opinion Filed Nov. 3, 1931.

James C. Check and Albert L. McRill, for petitioners.

Emerson & Duncan, for respondents.

CULLISON, J. This is an original proceeding before the Supreme Court to review an award of the State Industrial Commission made in favor of T. L. O'Kelley. The record shows that on May 20, 1930, the claimant sustained an accidental injury resulting in the breaking of one of the bones of the lower right limb and a large wound below the left knee. On August 14, 1930, claimant filed his first notice of injury, in which he says, describing the accident: "Fibula of right leg broken about three inches above ankle joint; left leg lacerated."

On the same date, August 14, 1930, the attending physician filed his report showing that claimant did receive on May 20, 1930, an accidental personal injury while in the employ of the petitioner; that said injury consisted of "fibula of right leg broken and large wound on left leg below knee," and that claimant was taken to the Tonkawa Hospital, Tonkawa, Okla., for treatment; that said disability would likely exist for a period of four to six weeks; that he, Dr. J. A. Jones, received $91 from petitioners for hospital fees while claimant was in the Tonkawa hospital.

The record shows that petitioners began the voluntary payment of compensation of $12.31 per week to claimant shortly after his injury May 20, 1930, and continued to pay the same until October 4, 1930, at which time claimant was discharged by attending physicians from the Enid Hospital, as able to resume manual labor. The record further shows that on January 16, 1931, the claimant filed a second notice of injury and claim for compensation in which he alleges the nature and extent of the injury to be "injury

to hips, legs and back." A hearing was had at Enid, Okla., April 15, 1931. A final hearing before the Commission was had at Oklahoma City, April 30, 1931. On May 11, 1931, the Industrial Commission made the following order:

"Order.

"(1) That on the 20th day of May, 1930, the claimant herein was in the employ of respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury arising out of and in the course of his employment by injury to the right hip, leg, and back.

"(2) That as result of said aforementioned accidental injury, the claimant was and is temporarily totally disabled from the date of the said injury from the performance of his ordinary manual labor.

"(3) That at the time of said injury, the claimant's average daily wage was $3.20.

"The Commission is of the opinion: By reason of the aforesaid facts, that the claimant herein is entitled, under the law, to compensation at the rate of $12.31 per week, computed from May 20, 1930, to May 4, 1931, being 49 weeks beyond the five-day waiting period, in amount of $603.19, less any amounts heretofore paid, and to continue payment of $12.31 per week until the termination of disability or until otherwise ordered by the Commission.

"It is therefore ordered: That within 15 days from this date, the respondent or insurance carrier, the Central Surety & Insurance Company, pay to the claimant herein the sum of $603.19, less any amounts heretofore paid, being 49 weeks beyond the five-day waiting period, computed from May 20, 1930, to May 4, 1931, at $12.31 per week, and continuing award of $12.31 per week until the termination of disability, or until further ordered by the Commission.

"It is further ordered: That within 30 days from this date, the respondent or its insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

From which order, petitioners appeal to this court. Petitioners assign but one error: "The Commission erred in finding that claimant is 'temporarily totally disabled.'" Petitioners in their brief contend that the Commission erred in finding that the claimant was, or is yet, temporarily totally disabled; that the Commission erred in refusing to terminate the payment of compensation as to the date upon which the plaintiff recovered from the injury sustained, to -wit, October 4, 1930.

Section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws of 1923,

prescribes three disabilities for which compensation may be awarded: (1) Permanent total disability; (2) temporary total disability, and (3) permanent partial disability. Petitioners surely would not claim that the injury sustained is a permanent total disability. Neither would they claim that the injury is a permanent partial disability.

The Commission found that the claimant sustained a temporary total disability. Finding of Commission sustained. We are not, however, passing on the finding of the Commission as to the correctness of the amount of compensation awarded. That question is not before us.

Petitioners state in their brief, page 21, "that the commissioners erred in refusing to terminate the payment of compensation on October 4, 1930." Presumably for the reason that the claimant was discharged from the hospital on that date as cured. It will be remembered the compensation paid by petitioners up to the date of claimant's discharge October 4, 1930, was voluntary—no adjudication of the matter by the Commission having been had. The first and only notice of injury and claim for compensation presented to the Commission for its consideration was filed January 16, 1931. In "Notice of injury and claim for compensation," filed January 16, 1931, claimant does allege that the injury sustained was to "hips, legs, and back." It is therefore very apparent the Commission did have before it for consideration the alleged injury to the claimant's hips and back at the time of making the award. The fact that petitioners made voluntary payment to claimant for injuries to his legs only, without any knowledge on the part of the Commissioners, until the formal hearing of the case, would not preclude the Commission from taking into consideration all the injuries alleged in claimant's notice and claim for compensation. The Commission found from the record and testimony before it the claimant had sustained an injury to his hips, legs, and back, and awarded compensation to claimant for the same. The Commission also learned and found from the record and testimony in the case that theretofore, from May 20th to October 4, 1930, petitioners had voluntarily paid compensation for injury to claimant's legs and very properly held that the voluntary payment so made should be deducted from the award made by the Commission on April 30, 1931. The Commission further found and held that petitioners should continue the payment of compensation "until the termination of disability or until otherwise ordered by the Commission." The petitioners knew that claimant had sustained an accidental injury while in their employ, but did not

know the extent of the injury sustained by claimant until a final adjudication was had April 30, 1931.

Under the facts and circumstances in the instant case, the Commission was clothed with power to make the award complained of, and no prejudicial results accrued to petitioner by reason thereof. Petitioners contend that the evidence is insufficient to warrant the Commission making the award of compensation. We find the testimony to be somewhat indefinite and ambiguous, but the Commission having found the evidence sufficient, this court adheres to a well-established rule and will not make any further review of the testimony in line with the controlling authority pronounced by this court in the case of Nash-Finch Co. v. Oleu M. Harned, 141 Okla. 187, 284 P. 633, to wit:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review."

The award is affirmed.

CLARK, V. C. J., and HEFNER, and KORNEGAY, JJ., concur. McNEILL, J., concurs in the conclusion. SWINDALL, J., dissents. LESTER, C. J., and RILEY and ANDREWS, JJ., absent.

---

SWINDALL, J. (dissenting). I dissent for the reason the Commission did not make a finding that the respondent O'Kelley was temporarily totally disabled after October 4, 1930, from performing some kind of manual labor, but only held that the claimant "was, and is, temporarily totally disabled from the date of said injury, from the performance of his ordinary manual labor." There is very convincing evidence in the record that the respondent could perform labor and that his claim was based principally upon the fact that he could not secure work rather than that he could not perform labor. This being an issue of fact before the Commission, I think the cause should be remanded to the Commission to find from the evidence whether or not the respondent can perform some kind of labor and fix its award or deny compensation accordingly. This in my opinion is in accordance with the former holdings of this court.

Note.—See under (1) L. R. A. 1916A, 266; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.