## OKLAHOMA PIPE LINE CO. v. HARVEY et al.

No. 23993. Opinion Filed May 23, 1933.

Gibson, Maxey, Holleman, & Gibson, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Jess Harper, for respondents.

SWINDALL, J. The respondent, Bert C. Harvey, was in the employment of the petitioner, Oklahoma Pipe Line Company, on the 8th day of August, 1929, and on that date sustained an accidental personal injury arising out of and in the course of his employment. He was furnished hospitalization and medical attention by the petitioner, and was also paid for temporary total disability. On October 4, 1929, there was filed with the State Industrial Commission a memorandum agreement as to the facts, stipulation and receipt, but, as far as the record discloses, the same was never approved by the State Industrial Commission as required by law.

On May 3, 1932, the respondent Bert C. Harvey filed his motion with the Commis-

sion to reopen the cause for a hearing to determine the nature and extent of his injury on account of a change in conditions. The Commission set a hearing on this motion for the 6th day of July, 1932, upon which hearing testimony was offered, and on July 30, 1932, the Commission made and entered its award in favor of the respondent Bert C. Harvey, in which they found, among other things:

"3. That as a result of said accidental injury claimant was paid compensation for temporary total disability from August 8, 1929, less the five-day waiting period up to and including September 6, 1929, or a period of 4 weeks and 2 days at the rate of $15.39 per week, totaling $51.31.

"4. That as a result of said accidental injury claimant is temporarily partially disabled from performing manual labor and his wage-earning capacity has decreased from $4 to $1.40 per day, by reason of his temporary partial disability.

"5. That by reason of claimant's temporary partial disability as aforesaid, claimant is entitled to 66 2/3 per centum of the difference between his average daily wages, at the time of the accidental injury, and his wage-earning capacity thereafter, in the sum of $2.60 per day, payable during the continuance of such temporary partial disability not to exceed 300 weeks."

The petitioner commenced a proceeding in this court to review the findings and award of the State Industrial Commission, and has filed its brief in support thereof. Among other things, it contends that there is no competent evidence to sustain the findings of the State Industrial Commission that as a result of said accidental personal injury claimant is temporarily partially disabled from performing manual labor, and his wage-earning capacity decreased from $4 to $1.40 per day by reason of his temporary partial disability, and that the State Industrial Commission erred in finding that there has been a change in claimant's condition after payment was made to him of compensation for the period during which the claimant was temporarily totally disabled. The claimant, one of the respondents herein, has filed a confession of error, confessing the first proposition, that there is no competent evidence in the record showing "that, as a result of said accidental injury, claimant is temporarily partially disabled from performing manual labor and his wage-earn-

ing capacity has been decreased from $4 to $1.40 per day by reason of his temporary partial disability."

We have carefully examined the record and find that there is no competent evidence to sustain that finding of the State Industrial Commission. Therefore, under the rule announced by this court in Warrior v. Savery, 145 Okla. 92, 291 P. 966, and Oliver v. Kelly, 162 Okla. 55, 18 P. (2d) 1064, the confession of error will be sustained.

Upon the proposition that the evidence does not show a change in conditions of the claimant, we do not think that it is necessary for the claimant to prove a change in conditions under the conditions of this record, for the reason the State Industrial Commission has never made a finding of fact upon the condition of the claimant, and has never approved the memorandum agreement in accordance with section 7294, C. O. S. 1921, as amended by section 7, chapter 61, Session Laws 1923. So, there was no decision of the Commission as to question of fact in this case relative to temporary total or temporary partial disability.

Upon retrial of this cause it is proper for, and the State Industrial Commission should, determine the nature and extent of the claimant's disability, and determine whether or not such disability, if any, now existing, is the result of the original accidental injury. After the disability upon which an award is based is determined by the Commission upon competent evidence, and an award is made by the Commission in accordance with the facts determined, then the Commission cannot change the findings or award without a showing of a change in conditions of claimant. The same rule applies where the cause is submitted upon an agreed statement of fact. Loffland Brothers Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1097; section 13360, O. S. 1931, sec. 7, 61, Session Laws 1923.

For these reasons, the award is vacated, with directions to the State Industrial Commission to proceed consistently with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.