### HYDE CONSTRUCTION CO. et al. v. O'KELLEY et al.

No. 23939. Opinion Filed May 23, 1933.

Rehearing Denied June 20, 1933.

Jas. C. Cheek, Frank E. Lee, and Ray Teague, for petitioners.

Duncan & De Parade, for respondent.

WELCH, J. This is an original proceeding wherein petitioners, Hyde Construction Company and Central Surety & Insurance Company, seek to review an award of the State Industrial Commission of Oklahoma, dated July 6, 1932, wherein the respondent T. L. O'Kelley was awarded compensation at the rate of $8 per week for a period of 300 weeks for permanent partial disability.

The record discloses that on May 20, 1930, the respondent O'Kelley, while employed by Hyde Construction Company in road con-

struction work, sustained an accidental personal injury in the course of such employment and within the terms of the Workmen's Compensation Law of this state. The Commission awarded the employee compensation for temporary total disability. The employer and insurance carrier instituted an action in this court seeking a review of such award, and the same was by this court affirmed in Hyde Construction Co. v. O'Kelley, 153 Okla. 26, 4 P. (2d) 759.

The employer and insurance carrier paid compensation under this order up to and including December 21, 1931, at which time O'Kelley, respondent herein, and petitioners herein entered into an agreement on form No. 14 as prescribed by the Commission, wherein it is agreed that the respondent O'Kelley had received the sum of $997.11 as compensation for temporary total disability to December 21, 1931, at the rate of $12.31 per week. The agreement sought to effect payment for permanent partial disability in the total sum of $923.25, reciting that same was for 75 weeks at $12.31 per week. The nature of O'Kelley's injuries was leg and back injuries.

This agreement was filed with the Commission on June 21, 1932, and there was attached thereto reports of Doctors McBride and Kirby. After the filing of the agreement, hearing was conducted by the State Industrial Commission, with all interested parties present, and upon such hearing it was developed from the testimony of respondent here, O'Kelley, that he was partially permanently disabled as a result of his injury of May 20, 1930, and that he was able to do only light farm work at the time. The doctors' reports both agreed that the claimant had 20 to 25 per cent. permanent partial disability as a result of the injuries.

On July 6, 1932, the State Industrial Commission made its order of award of which complaint is now made, the material portion of which is as follows:

"1. That on the 20th day of May, 1930, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his hips, legs, and back.

"2. That the average daily wage of the claimant at the time of the accidental injury was $3.20 per day.

"3. That claimant has heretofore been paid compensation for his temporary total disability up to and including December 21, 1931, in the sum of $997.11.

"4. That by reason of said accidental injury, claimant has sustained a permanent partial disability to his back, hips, and legs, causing a decrease in his wage-earning capacity from $3.20 per day to $1.20 per day, or a difference of $2 per day.

"5. That the motion of the respondent and insurance carrier to suspend payment of temporary total compensation and determine extent of permanent partial disability should be sustained.

"6. That by reason of claimant's permanent partial disability aforesaid, claimant is entitled to 66 2/3 per centum of the difference between his average daily wage at the time of the accidental injury and his wage-earning capacity thereafter in the same employment or otherwise, not to exceed 300 weeks.

"Upon consideration of the foregoing facts, the Commission is of the opinion that claimant is entitled to compensation at the rate of $8 per week from December 22, 1931, for a period not to exceed 300 weeks, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest; and that there is now due claimant, compensation from December 22, 1931, to the 29th day of June, 1932, or for 27 weeks and two days, in the sum of $218.67, and the balance to be paid thereafter at the rate of $8 per week for a period not to exceed the 300 weeks from and after December 22, 1931, on account of the permanent partial disability and decrease in wage-earning capacity.

"It is therefore ordered by the Commission that the order for payment of temporary total compensation cease as of December 21, 1931, and within 15 days from this date the respondent or its insurance carrier pay claimant the sum of $218.67, as compensation from December the 22nd, 1931, to June 29, 1932, or 27 weeks and 2 days, at the rate of $8 per week, and thereafter at said rate of $8 per week for a period not to exceed 300 weeks from December 22, 1931, on account of the permanent partial disability and decrease in wage-earning capacity sustained by claimant by reason of said accidental injury."

Petitioners in this action contend that there is no competent evidence to support the finding of fact No. 4 of the Commission. They admit that claimant was earning $3.20 per day at the time of the injury, but contend that the only evidence from which the Commission might determine his loss of earning capacity was the doctor's reports, which were admitted as evidence by agree-

ment. Both of these reports were to the effect that claimant had suffered 20 to 25 per cent. permanent partial disability, and it is argued therefrom that under all of the evidence claimant could not have suffered a difference of $2 per day in his earning capacity. In opposition to this contention respondents call attention to subdivision 5 of section 13356, O. S. 1931, as follows:

"Limitation: The compensation payments under the provisions of this act shall not exceed the sum of eighteen ($18.00) dollars per week, or be less than eight ($8.00) dollars per week; provided, however, that if the employee's wages at the time of injury are less than eight ($8.00) dollars per week, he shall receive his full weekly wages; provided, further, that the compensation received as provided under subdivision four of this section shall not, when added to the wages received by such employee after such injury, amount to a greater sum than his average weekly wages received prior to said injury."

Respondent urges that if there is a permanent partial disability resulting in a loss in earning capacity under the "other cases" subdivision of section 13356, O. S. 1931, under subdivision 5 of the same section he is entitled to compensation at the minimum of $8 per week. We agree with respondent's contention in this respect. The record in this case clearly indicates that the claimant sustained a permanent partial disability as a result of his accidental injury of May 20, 1930, and that same was within the terms and meaning of the Workmen's Compensation Law of this state, and is a body injury covered by the "other cases" provision of section 13356, O. S. 1931. The evidence supports the finding that there was a loss in earning capacity, and indeed no contention is made otherwise.

Under the limitation provision of the Workmen's Compensation Law above quoted, it will be observed there are only two exceptions to its application: One, awards made under the provisions of subdivision 4 thereof, which relates to temporary total disability; and, two, in cases where the employee's wages are less than $8 per week at the time of the injury. Neither of the exceptions are applicable here.

An examination of subdivision 5 of section 13356, supra, leads us to the conclusion that the rate of compensation for permanent partial disability in such case cannot be less than $8 per week, which is the minimum prescribed in said subdivision.

Finding no error in the award of the State Industrial Commission, the same is therefore affirmed in this cause.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS, J., absent.