## STAAS et al. v. ROGERS et al.

No. 24283.     Oct. 24, 1933.

J. S. Ross, S. J. Clay, and James H. Ross, for petitioners.

Murrah & Bohanon and J. I. Gibson, for respondents.

McNEILL, J. This is an original action to review an award of the State Industrial Commission made in favor of respondent

and against petitioners on November 15, 1932.

The Commission found that respondent had sustained a permanent partial disability, and that his earning capacity had been reduced from $7 per day to $1.50 per day, making his rate of compensation $18 per week. Petitioners admit that the injury sustained by respondent was compensable, and that at the time of the hearing respondent was permanently partially disabled.

There is only one question presented by this record, and that is whether the Commission erred in finding that the wage-earning capacity of respondent was $1.50 per day.

It appears that prior to said injury the wage-earning capacity of respondent was $7 per day. Petitioners contend that there is expert testimony to show that respondent had suffered a loss or disability of 20 per cent. and for that reason he should be capable of doing 80 per cent. of the work which he was accustomed to do prior to the accident, and consequently earn 80 per cent. of his former earning capacity of $7 per day, or $5.60 per day; that this difference between $7 per day and $5.60 per day amounts to $1.40 per day, and is the proper basis to determine his present earning capacity.

It is admitted that this injury falls within "other cases," section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923. The expert testimony is in conflict. There is testimony introduced on behalf of respondent to the effect that at the time of the hearing he was incapacitated from pursuing his former occupation as a carpenter, and that he was totally disabled. One of the doctors testifying for respondent was of the opinion that his disability was about 75 per cent. permanent partial. On the other hand, petitioners offered medical testimony to show that respondent had a permanent partial disability of about 20 to 25 per cent. In this way petitioners attempted to prove that respondent's average earning capacity was based upon a percentage of permanent partial disability. The finding of the Commission as to the earning capacity of the respondent was a question of fact for the determination of the Commission, from a consideration of the testimony, facts, and circumstances in the case. Tidal Pipe Line Co. v. Smith, 152 Okla. 156, 3 P. (2d) 871.

Respondent testified that since the date of the injury he had not done any form of work, because it was not safe for him to do so on account of being dizzy all the time; and that he was not physically able to work on account of weakness. The purport of the testimony submitted by respondent, corroborated by expert testimony, was that he had no wage-earning capacity. The Commission could have found under the record that there was no wage-earning capacity of respondent.

The finding of the Industrial Commission that there was a wage-earning capacity of $1.50 per day, under the record, is not error of which the petitioner can complain. Oklahoma Natural Gas Corp. v. McGough, 158 Okla. 138, 12 P. (2d) 681. See, also, Hyde Construction Co. v. O'Kelley, 164 Okla. 149, 23 P. (2d) 155. In order to ascertain and determine loss of earning capacity, it is not sufficient to establish the degree of disability. Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78; Daley, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738; Allen Water Co. v. Davis, 150 Okla. 13, 300 P. 793. Award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur. CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.