## OKLAHOMA PIPE LINE CO. v. HARVEY et al.

No. 25457. Dec. 11, 1934.

Rehearing Denied Jan. 22, 1935.

Gibson, Maxey, Holleman & Gibson, for petitioner.

Dubois & Harper, for respondents.

McNEILL, J. The respondent, Bert C. Harvey, was in the employ of petitioner, Oklahoma Pipe Line Company, on August 8, 1929, and on that date sustained an accidental personal injury in the course of his employment. He was furnished hospital and medical attention, and was also paid compensation for temporary total disability for the period of his disability. Respondent returned to work on September 7, 1929, and remained in the employ of the petitioner for 30 days when he was discharged. Thereafter, on May 3, 1932, said respondent filed with the State Industrial Commission a motion to reopen the cause. Evidence was heard, and on July 30, 1932, the respondent State In-

dustrial Commission entered its order, wherein it found that the respondent was temporarily disabled from performing manual labor, and that his wage-earning capacity had decreased from $4 to $1.40 per day by reason of such temporary partial disability, and awarded him compensation accordingly.

Petitioner sought a review of that order and award in this court, and this court, on May 23, 1933, vacated said award and remanded the cause, with directions to the State Industrial Commission. Oklahoma Pipe Line Co. v. Harvey et al., 164 Okla. 27, 22 P. (2d) 375.

Thereafter, pursuant to said directions, the cause came on for hearing before the Commission, and on March 10, 1934, the State Industrial Commission entered its order and award in which it found that said respondent, on August 8, 1929, sustained an accidental injury arising out of and in the course of his employment; that at the time of his accidental injury his wages were $4 per day; that the claimant was paid compensation for temporary total disability from August 8, 1929, to and including September 6, 1929, for a period of three weeks and two days at the rate of $15.39 per week; that as the result of said accidental injury said respondent was permanently partially disabled from performing manual labor and his wage-earning capacity had decreased from $4 to $2 per day; that he was entitled to 66⅔ per centum of the difference between his average daily wages at the time of the accidental injury and his wage-earning capacity thereafter in the sum of $2 per day; that at the time of said award there was due him a total of 234 weeks and two days compensation from September 6, 1929, to March 7, 1934, in the total sum of $1,874.67; and that he was entitled to compensation at the rate of $8 per week for a period not to exceed 300 weeks, or until otherwise ordered by the Commission. The petitioner has instituted this proceeding to review this award.

As grounds for vacating the award, the petitioner urges three propositions, as follows:

(1) "There is no evidence to sustain the Commission's award.

(2) "That the evidence did not show a change of condition.

(3) "The award is excessive."

As to the second proposition, this court in its former opinion in this case overruled such contention. This court has held that where the original injury is admitted and compensation paid for temporary total disability, it is not necessary to plead or prove a change of condition in order to establish an award for permanent partial disability. Magnolia Pipe Line Co. v. Smith, 167 Okla. 316, 29 P. (2d) 569. The present award is for permanent partial d'sability. The second proposition is without merit.

The petitioner urges that the Commission's award for the payment of compensation for a period of 300 weeks from September 6, 1929, was excessive in that the evidence shows that respondent was employed by the petitioner for a period of 30 days during such period. The record does not show the rate of wages paid by the petitioner to the respondent from September 7, 1929, to September 30, 1929, and the respondent testified generally that since the injury he was able to earn from $1 to $1.25 per day by his own labor, and $2 per day during such time as he operated a truck, which included the use of the truck after deducting for the upkeep of the truck. By the stipulation of the parties, the respondent was paid $4 per day before the injury. In view of this evidence we cannot say that the award is excessive, as to the period of time the respondent was employed by the petitioner after his injury.

The most serious proposition of the petitioner is that there is no evidence to sustain the Commission's award. The injury complained of is admitted. It is also admitted that at the time of the injury, respondent Harvey was earning $4 per day. The respondent testified that the piece of steel imbedded in his neck causes him pain if he carries or lifts anything; that he worked at blacksmithing after the injury, and had to hire any heavy or hard work there was to be done; that he was an able-bodied man prior to the accident, and since then he has been disabled at times; that he has been able to earn on an average of $1 to $1.25 per day since his injury, and that at times while trucking he made from $3.50 to $4 per day net for the use of himself and truck, and that the upkeep of the truck was $2 per day; that he was unable to do as much work since the accident as before; that the doctor at Ft. Smith advised against removing the steel because the operation might cause serious trouble; that he is not free from pain; and that prior to the injury he had not experienced pain in his head or neck. There was medical testimony that this pain was attributable to the injury, and that

danger might be encountered in removing this piece of steel.

We have reviewed the record. We conclude that the testimony is sufficient to sustain the finding of the Commission. Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and BAYLESS and WELCH, JJ., concur.