### MOORE v. STATE INDUSTRIAL COM. et al.

No. 25024.   Dec. 11, 1934.

C. R. Reeves, for petitioner.

Joe T. Dickerson, Geo. W. Cunningham, Ralph G. Harder, C. W. Talbot, Stuart R. Carter, and John C. Quilty, for respondent Shell Petroleum Corporation.

McNEILL, J. This is an original action to review an award of the State Industrial Commission made in favor of petitioner, employee, and against respondents, on May 2, 1933.

The Commission found that petitioner had sustained an accidental injury from which he was temporarily totally disabled from the performance of manual labor from October 18, 1929, to May 2, 1933, or for a total of 183 weeks, for which he was paid compensation at the rate of $18 per week, or a total sum of $3,294, and that his temporary total disability ended as of May 2, 1933. The Commission also found that as a result of said accidental injury petitioner was permanently partially disabled from performing manual labor; that his wage-earning capacity had decreased from $4.50 to $2.50 per day by reason of such permanent partial disability; and based upon such finding, the Commission made an award of $18 per week for 300 weeks for permanent partial disability.

It is the contention of the petitioner that the evidence does not support the findings that the petitioner's wage-earning capacity was $2.50 per day, but that such evidence supports an award of $9,000 for 500 weeks of $18 per week for permanent total disability and no other award.

The injury in this case falls within "other cases," section 7290, C. O. S. 1921, as amended, chapter 61, S. L. 1923, sec. 6 (sec. 13349 O. S. 1931), which provides for compensation of 66⅔ per cent. of the difference between the average weekly wages received before the injury and the wage-earning capacity of the workman thereafter in the same employment, or otherwise, payable during the continuance of such partial disability, not to exceed 300 weeks.

The expert testimony is in conflict. The petitioner introduced evidence of a number of physicians to the effect that at the time of the hearing, he was permanently totally disabled. There is evidence in the record to sustain an award for permanent total disability. However, the respondents introduced testimony which would support a finding that the petitioner's disability existing at the present time was not due to the injury. The Commission held numerous hearings in this case, and at the hearing held on April 30, 1931, Dr. E. Margo, having been called by respondent, testified that it was his opinion that all disability due to the injury had ceased, and that there was no reason why the petitioner could not work. On June 15, 1933, he again testified that he had examined the petitioner on April 14, 1933; that all of the petitioner's teeth had been removed since he last examined him; that the claimant had osterithitis in his spine, but no arthritis, and in his opinion he could do light work; that as far as the injury was concerned, there were no objective signs of it at that time; and that the petitioner was only disabled from 20 to 25 per cent.

This court has held that in order to ascertain and determine the loss of earning capacity, it is not sufficient to establish the degree of disability. Magnolia Petroleum Co. v. Alred, 160 Okla. 126, 16 P. (2d) 78; Dailey, Crawford & Peveto v. Rand, 155 Okla. 299, 8 P. (2d) 738; Allen Water Co. v. Davis, 150 Okla. 13, 300 P. 793; Staas v. Rogers, 166 Okla. 72, 26 P. (2d) 206.

The proof of degree of disability, however, is a circumstance which is proper for the Commission to consider in determining the loss of earning capacity. D. T. Nowlin testified on April 30, 1931, that he had seen the claimant repairing the roof of a house on December 8, 1930, and the wages paid for said work was $4 per day.

The earning capacity of petitioner was a question of fact for the determination of the Commission upon a consideration of all of the evidence, facts, and circumstances in the case. Tidal Pipe Line Co. v. Smith, 152 Okla. 156, 3 P. (2d) 871.

There was competent evidence supporting the award. The award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and BAYLESS and WELCH, JJ., concur.