## HIGGINS & HIGGINS et al. v. PEARSON et al.

No. 28493.  Oct. 18, 1938.

Jarman, Brown, Looney & Watts and Edgar Fenton, for petitioners.

John Brett and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as they appear in this court, the petitioners being Higgins & Higgins and the National Mutual Casualty Company, and the respondents being Venor N. Pearson and State Industrial Commission, unless it is necessary more definitely to designate any particular party.

On the 31st day of August, 1937, the respondent sustained an accidental injury while he was working on a school building for the petitioner Higgins & Higgins. He fell between some planks on the scaffolding, striking his side against the boards. On the 21st day of February, 1938, he was awarded permanent partial disability under

the "other cases" provision of section 13356, O. S. 1931, for loss of wage-earning capacity. The State Industrial Commission found that the average daily wage of the respondent at the date of the injury was $3.70 and fixed the loss of wage-earning capacity at $7.20 per week and ordered payment of the minimum of $8 per week for not to exceed 300 weeks.

Petitioners seek to review the award and under two propositions raise the issue that there is no competent evidence that the respondent sustained a loss of wage-earning capacity. The disability resulting from the injury is clearly established. Not only did the physician for the respondent testify that the disability was a result of the accident, but said that it was permanent and that the respondent was unable, since the accident, to do the work he had formerly done, although in his opinion he could do light work. Respondent testified that since the accident he had not been able to do the same kind of work he had formerly done. or perform manual labor without resulting pain. This is supported by the undisputed fact that he worked thereafter at a job for the W.P.A. on lighter work and paying much less than his former job.

We have held that the degree of physical disability is not sufficient to establish loss of wage-earning capacity. But where there is competent evidence in the record that the physical disability does result in the loss of wage-earning capacity, the award of the State Industrial Commission based thereon will not be disturbed. Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180; Moore v. State Industrial Commission, 170 Okla. 9, 38 P.2d 577; Southwestern States Telephone Co. v. State Industrial Commission, 181 Okla. 533, 75 P.2d 468; Staas v. Rogers, 166 Okla. 72, 26 P.2d 206; Cornhuskers Theatres v. Foster, 181 Okla. 341, 74 P.2d 109. Petitioners cite certain cases, among them Oklahoma Gas & Electric Co. v. Hardy, 179 Okla. 624, 67 P.2d 445. Those authorities hold that a total loss of wage-earning capacity cannot be found to exist where the injured employee is capable of earning wages. They are not in point in a fact situation such as the one at bar. The award made in the present case is for the minimum provided by the Workmen's Compensation Law. We are of the opinion, and hold, that the award is sustained by competent evidence, and the same is hereby affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.