## MORAN-BUCKNER CO. et al. v. FRENCH et al.

No. 28456.   Oct. 17, 1939.

Orbie E. Siler and Rolland O. Wilson, both of Oklahoma City, for petitioners.

R. D. Howe, of Eufaula, B. H. Tabor, of Checotah, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Moran-Buckner Company, employer, and the State Insurance Fund, insurance carrier, to review an award for permanent partial disability under the "other cases" provision of subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, said award being in favor of John French, employee.

The employer, one of the petitioners herein, is a general contractor engaged in highway construction work. The employee is a laborer. On the 19th day of March, 1935, while unloading a carload of gravel, he suffered a strain in the region of the fourth lumbar vertebra and thereby sustained an accidental injury arising out of and in the course of his employment. Total temporary disability was paid in due course up until the 23rd day of August, 1935, at which time the petitioner and the respondent entered into an agreement of settlement on Form 14. By this agreement respondent was paid $750 for his permanent partial disability. This settlement was approved by the State Industrial Commission in an order dated August 31, 1935.

On the 3rd day of December, 1937, respondent filed an application to reopen the case, alleging that he had sustained a change in condition for the worse by reason of the accidental injury, because of which he had sustained a decrease in wage-earning capacity. The first hearing on the application was held December 20, 1937, before Inspector Crow at Oklahoma City. At this hearing respondent and his physician, Dr. Little, were the only witnesses. The second hearing was held January 12, 1938, at which Doctor Margo, for petitioners, was the only witness.

February 3, 1938, the State Industrial Commission entered an order allowing claimant $8 per week for a period of not to exceed 300 weeks on account of claimant's permanent partial disability and reduction in his wage-earning capacity, due to a change in his condition as a result of his injury, all subject to reconsideration by the commission on its own motion or that of any interested party, and deducting from such allowance the amount theretofore paid to claimant on account of permanent partial disability.

To vacate this award petitioners present two propositions: (1) The evidence is insufficient and incompetent to establish a change of condition; and (2) the evidence affirmatively shows there has been no change of condition.

These assignments, relating substantially

to the sufficiency of the evidence may be properly considered together.

Claimant testified, in substance, that though he was able to do a little farm work shortly after the accident, on still further efforts after August, 1935, by reason of his worsened condition he was unable to work at all, and that his ability even to walk has become increasingly less since August, 1935.

Doctor Little testified that he attended claimant after the accident, and examined and treated him thereafter; that he saw claimant at approximate monthly intervals thereafter, including on March 10, 1937, when he found claimant confined to his bed as a result of the same back condition; that he had seen claimant right after the settlement in August, 1935, and that claimant's condition was considerably worse in March, 1937. There was further evidence indicating that the injury of claimant was a damaged nucleus pulposis or disc in the vertebra in the lumbro sacral junction or lower back region. That in such cases the patient either got better or progressively worse, and that claimant's case was of the latter character. Doctor Little was the personal physician of claimant at all times after the accident and had ample opportunity to be familiar with the condition of claimant. There is competent medical proof to sustain the finding of a change in claimant's physical condition. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P.2d 1094.

Doctor Little testified that from his observation of claimant, the latter's capacity to do manual labor had substantially decreased, and that in his opinion it was only a question of time when claimant would become totally disabled. The degree of disability is a circumstance in considering the loss of earning capacity. Moore v. State Industrial Commission, 170 Okla. 9, 38 P.2d 577; Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P.2d 109. A reasonable result from an injury, as here, under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, would be to lessen the injured employee's wage-earning capacity. Oklahoma Gas & Electric Co. v. Streit, 164 Okla. 110, 23 P.2d 214. The finding of loss of wage-earning capacity is sustained by the record before us.

The award is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, and DANNER, JJ., concur.