## LEMASTER v. SHELL OIL CO. et al.

No. 29679.   May 21, 1940.

*102 P. 2d 870.*

Roy W. Cox, of Blackwell, and Elmer S. Rutherford, of Tonkawa, for petitioner.

Paxton Howard and C. L. Stinnett, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Frank Lemaster, petitioner, to review an award made in his favor against the Shell Oil Company, respondent.

Petitioner sustained an accidental injury on November 6, 1937, when a rig on which he was working as an oil field worker collapsed. He was paid temporary total disability after being hospitalized, and thereafter filed his application to determine the extent of the permanent disability. The State Industrial Commission entered an award for permanent partial disability under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, ordering the payment of $17.97 per week for not to exceed 300 weeks.

The petitioner seeks to obtain a review of the award and presents but one allegation of error in his five different assignments. This is that as a matter of law the record discloses that the petitioner is totally and permanently disabled. This he presents in two propositions.

The evidence is in irreconcilable conflict. There is no doubt that the petitioner received a serious accidental injury. He broke three ribs and there is some evidence of sacroiliac displacement; in addition, there is evidence of a neck vertebra that is causing some trouble. The State Industrial Commission was justified in believing that most of the physical disabilities had cleared up and that aside from some disability from the neck injury the ailment of petitioner is chiefly mental and nervous. The testimony offered by the petitioner and his medical expert witnesses tended to establish that he had a 75 per cent. physical disability; that he is unable to perform ordinary manual labor. The testimony of the physicians for the respondent is to the effect that petitioner has a 35 per cent. physical disability; that he is a malingerer; that there are several classes of work that he is able to perform. This court has many times laid down the rule that the cause and extent of disability which arises from an accidental injury is a question of fact for the determination of the State Industrial Commission, and if there is any competent evidence reasonably tending to support the finding, it will not be disturbed on review. Staas v. Rogers, 166 Okla. 72, 26 P. 2d 206; Tidal Pipe Line Co. v. Smith, 152 Okla. 156, 3 P. 2d 871; Oklahoma Pipe Line Co. v. Harvey, 170 Okla. 323, 40 P. 2d 24; Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P. 2d 308; Mead v. Thurman, 160 Okla. 115, 16 P. 2d 78; Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P. 2d 109.

Since this is a case arising under the "other cases" provision of section 13356, supra, it was the duty of the State Industrial Commission to determine as a question of fact how much the ability to earn wages at manual labor had been decreased by reason of the accidental injury as set out in the directions contained in section 13356, supra. Blackstock Oil Co. v. Murtishaw, supra, and Cornhuskers Theatres v. Foster, supra. In Blackstock Oil Co. v. Murtishaw, supra, as in the case at bar, there was no direct and positive evidence introduced before the commission showing that the injured employee had earned anything since his injury. In the latter case, as in the case at bar, the injured employee had not worked since his injury. Therein the court said:

"A decrease in the wage-earning capacity of an injured workman is a question of fact to be computed by determining how much the ability to earn wages has been reduced by reason of the physical disability. In making such computation the Industrial Commission should take into consideration all the testimony, the inferences reasonably deducible therefrom, and all other facts and circumstances in the case."

Petitioner relies upon Oklahoma Gas & Electric Co. v. Hardy, 179 Okla. 624, 67 P. 2d 445. Therein this court held

that the State Industrial Commission was not justified in entering an award for permanent total disability where the uncontradicted evidence disclosed that the injured employee was earning and was capable of earning wages. Petitioner also cites and relies upon Dierks Lumber & Coal Co. v. Lindley, 182 Okla. 185, 77 P. 2d 44. In that case we held that an award for total permanent disability would not be vacated merely because there was evidence that by suffering pain and physical discomfort the injured employee could perform and had performed some manual labor. Suffice it to say in the case at bar the State Industrial Commission did not find this issue in favor of the petitioner, but, on the other hand, found that petitioner was permanently partially disabled. Finally, petitioner alleges that, since the State Industrial Commission found that he was only able to earn $4 per week, this is in fact a finding that he is totally and permanently disabled because it happens to represent a small fraction of the $30 plus that he was able to earn a week prior to his injury. We find no judicial basis for such construction. We are convinced that there is competent evidence reasonably tending to support the award.

Award sustained.

RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur.