KANSAS EXPLORATIONS, Inc.,
v. FRY et al.

No. 32849. Nov. 18, 1947.

*186 P. 2d 814.*

A. L. Commons, of Miami, for petitioner.

Jesse A. Harp, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Kansas Explorations, Inc., a corporation, hereinafter called petitioner, to review an award made to D. S. Fry, the respondent.

On the 17th day of September, 1945, respondent filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the petitioner as a laborer in the mines of petitioner, on or about the 15th day of January, 1945, when he hurt his back on a power shovel. An award for 10 per cent disability to the body as a whole was made

and this proceeding is brought to review the award.

Respondent stated that a large power shovel turned over on him and injured his back; that he was twisted beneath the shovel and lay there until he was released and that it injured his back and right leg. He was hospitalized; treated for said injury and paid temporary disability. It is the testimony of his physician that he has a permanent disability as a result of the accidental injury.

In five allegations of error, which petitioner has reduced to two propositions in its brief, there is presented the single issue that the award is erroneous for the reason it is not sustained by any competent evidence. There is no doubt about the accidental injury of December 17, 1945. The entire record is taken up with the discussion as to the resulting disability. The evidence is in hopeless conflict. Dr. Van Horn testified for the respondent and stated he found an injury to the first, second, third and fourth lumbar vertebrae; that based on the history of the accidental injury it is his opinion there is a permanent disability to the respondent of 40 to 45 per cent and this disability is due to the accidental injury of December 17, 1945.

The rule to be applied is announced in Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622, in which it is stated:

"In an action to review an award of the Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and, where an award of the commission is supported by competent evidence, the same will not be disturbed by this court on review."

See, also, in this connection Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847; Asplund Const. Co. v. State Industrial Commission, 185 Okla. 171, 90 P. 2d 642.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.