BOLIN v. WICK ADAIR TRUCKS et al.

No. 34009. Nov. 29, 1949.

Rehearing Denied Jan. 10, 1950.

213 P. 2d 563.

Turner B. King and Carloss Wadlington, both of Ada, for petitioner.

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. Petitioner, on the 18th day of December, 1944, filed his first notice of injury and claim for compensation in which he stated that on the 28th day of November, 1944, while in the employ of Wick Adair Trucks and engaged in lifting pipe, he sustained a severe injury to his back resulting in some disability to his person. He was thereafter awarded compensation for temporary total disability for a period of one week.

No further proceedings were had in the case until the 13th day of February, 1948, when petitioner filed an application for determination of extent, if any, of permanent disability. The matter was set for hearing on such application before a trial commissioner on May 13, 1948, who, at the conclusion of the evidence, in substance, found: That, on the 28th day of November, 1944, petitioner, while in the employ of Wick Adair Trucks, sustained an accidental personal injury arising out of and in the course of his employment to his hip, leg and back; that as a result of such injury he sustained a 40 per cent permanent partial disability to his body as a whole and awarded compensation accordingly.

The award was sustained on appeal to the commission en banc.

Petitioner contends that he did not receive full compensation to which he was entitled; that under the evidence he should have been awarded compensation for permanent total disability.

The evidence is undisputed that petitioner, on the 28th day of November, 1944, while in the employ of Wick Adair Trucks and while engaged in loading pipe on a truck, sustained a severe strain to his back, resulting in some permanent disability to his person. The only dispute between the parties is as to the extent of disability.

Petitioner, in substance, testified that since sustaining his injury he has not been able to do any ordinary manual labor without causing him severe pain and suffering to his back; that he has done some light work and light chores subsequent to his injury, but that he has spent considerable time in bed ever since receiving his injury. At an adjourned hearing, however, and upon

further cross-examination, stated that he had worked at intervals for several employers subsequent to his injury; that he had worked for the Frisco Railway Company scattering chat at intervals for a period of about three months, but did not know the exact number of days that he had worked. There was, however, admitted in evidence a statement of the railway company which shows that during this period of time petitioner had worked for it a total of 33 days. He also stated that he had worked on a ranch at intervals for a period of five months, never complained to his employer, and he had worked off and on over a period of three years as a farm hand plowing corn, milking cows, repairing buildings, and doing other chores, and that he had also worked for a drilling company; that he did not know how many days he worked in all during this period of time; that he felt that he was forced to work in order to earn some money; that he tried to work at different jobs but was unable to work regularly at any kind of work because of injury and suffering it caused to his back; that he was unable because of his injury to continuously follow any gainful occupation or any remunerative employment without suffering severe pain.

Several physicians who examined petitioner early in the year 1948, testified that upon such examination they found him suffering with a severe injury to his back; that he had sustained a ruptured intervertebral disc and by reason thereof was permanently totally disabled from performing ordinary manual labor, and from a history of the case obtained from petitioner stated in their opinion such disability was due to the injury sustained while lifting the pipe. One of these physicians, however, stated that petitioner, notwithstanding his injury, might be able to work two or three weeks at a time and then have a sudden onset of this pain which would disable him totally for a period of three months or so and might go on and lift something and get immediately disabled, but that he would not in his condition be able to regularly do ordinary manual labor.

Three other physicians, however, subsequently, and in the early part of 1948, also examined petitioner and filed with the commission written reports of such examinations. These reports were admitted in evidence by agreement. All in their reports agree that as a result of petitioner's claimed accident, he sustained some disability to his back. They, however, refused to express an opinion as to the severity of the injury or the degree of disability thereby sustained without further study of the case.

Claimant contends in his brief that the award is not adequate. The well established rule is that the findings of fact of the Industrial Commission, if supported by competent evidence, will not be disturbed on review. See syllabus 1, LeMaster v. Shell Oil Co., 187 Okla. 324, 102 P. 2d 870.

Where a finding is based upon conflicting evidence this court will not review such evidence to determine the weight and value thereof, and an award supported by competent evidence will not be disturbed on review. Kansas Explorations, Inc., v. Fry et al., 199 Okla. 410, 186 P. 2d 814.

From an examination of the record, we find the evidence is sharply in conflict as to the extent of the disability of the claimant, and therefore the award is sustained.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.