THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN
VÉLEZ RIVERA ET AL., Defendants and Appellants.

No. CR-65-134.       Decided June 16, 1966.

*José Rafael Gelpí* for appellants. *J. B. Fernández Badillo, Solic-
itor General,* and *Héctor R. Orlandi Gómez, Assistant So-
licitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellants were prosecuted and sentenced for the commission of the offense of conspiracy.[1] In this appeal they maintain that the information does not state facts constituting a public offense. In its pertinent part said information reads as follows:

"The prosecuting attorney files an information against Juan Vélez Rivera, Emilio Reyes Pinto, Salvador E. Rodríguez Zayas, and Santos Rivera Martínez . . . for an offense of Conspiracy, misdemeanor, committed in the following manner:

The above-mentioned defendants, Juan Vélez Rivera, Emilio Reyes Pinto, Salvador E. Rodríguez Zayas, and Santos Rivera Martínez, in or about the month of August, 1964, in Hato Rey, Puerto Rico, which is a part of the jurisdiction of the Superior Court of Puerto Rico, San Juan Part, unlawfully, wilfully, maliciously, and with criminal intent, violated the provisions of subdivision 1 of § 62 of the Penal Code in force in Puerto Rico, consisting in that at the time aforementioned, they combined, schemed, conspired, and agreed among themselves to commit a punishable crime under the Laws of the Commonwealth of Puerto Rico, said criminal act consisting in carrying out acts constituting violations to the Sections of the Penal Code of Puerto Rico, which forbid the games of chance, and having thus agreed and plotted among themselves, they invited Carlos Mártir Santiago to concert with them and to form part of a game of cards for money, without said persons being authorized by license to act and carry out games for money."

■  In general terms a conspiracy is an agreement, contract or plan between two or more persons to accomplish an unlawful act by lawful or unlawful means.[2] It has also been defined as a partnership in crime.[3] The offense of con-

---

[1] Juan Vélez Rivera was sentenced to 3 years in jail, Emilio Reyes to 2 years, and Salvador E. Rodríguez to one and a half years in jail.

[2] 16 Am. Jur.2d, § 1; *Lynch* v. *Magnavox*, 94 F.2d 883; *Marino* v. *United States*, 91 F.2d 691.

[3] Wharton's Criminal Law & Procedure, § 1.

spiracy is defined in § 62 of our Penal Code (33 L.P.R.A. § 161), as follows:

"§ 161 Conspiracy

If two or more persons conspire (1) To commit any crime; (2) Falsely and maliciously to present another for any crime, or to procure another to be charged or arrested for any crime; (3) Falsely to move or maintain any suit, action, or proceeding; (4) To cheat and defraud any person of any property by any means which are in themselves criminal, or to obtain money or property by false pretenses; or, (5) Penalty. To commit any act injurious to the public health, the public morals or the public safety, or of the perversion or obstruction of justice or due administration of the laws, they are guilty of a misdemeanor and punishable by imprisonment in jail not exceeding three years or by a fine not exceeding one thousand dollars, or both. Exclusive jurisdiction to take cognizance of violations of this act is conferred upon the Superior Court and the trials shall be heard by the court without a jury."

However, in certain cases, pursuant to the aforesaid Code, the agreement by itself does not constitute conspiracy, unless an overt act be performed in pursuit thereof by one or more of the parties to such agreement. To this effect § 63 of the Penal Code (33 L.P.R.A. § 162) provides:

"No agreement, except to commit a felony upon the person of another, or to commit arson, or burglary, amounts to conspiracy, unless some act beside(besides) such agreement, be done to effect the object thereof, by one or more of the parties to such agreement."[4]

The performance of an overt act by at least one of the conspirators is therefore necessary as the first step to effect

---

[4] The Spanish text of this section is a poor translation, but the English text prevails.

In California, origin of our § 63, and by virtue of an amendment to the Penal Code of 1919, no exception is established and the existence of an overt act is required in all cases of conspiracy, so that the conspiracy be punishable. 47 West, California Penal Code, § 184.

the object of the conspiracy, except in the cases set forth in the act.

■ This overt act as it was indicated in *Marino* v. *United States, supra,* is something apart from and independent of conspiracy and is an act to effect the agreement. See also, *State* v. *Bennet,* 162 P.2d 581, and *People* v. *Olson,* 42 Cal. Reptr. 760. In this case of *Olson,* it was said that evil thoughts alone cannot constitute a criminal offense until something objective is done toward effectuation of illegal plan and that if there is no overt act there can be no conviction and the overt act must be such as furthers the object of conspiracy. In Puerto Rico, however, § 63 of the Penal Code excludes the need of an overt act when the agreement is to commit a felony upon the person of another, or to commit arson or burglary.

This brings us to consider our decision in the case of *The People* v. *Torrellas,* 10 P.R.R. 514 (1906). It involved a complaint against two persons charging them with conspiracy to set a house on fire. After copying §§ 62 and 63 of the Penal Code, this Court stated as follows:

"Thus it will be seen that what the Penal Code aims to punish is the confederation of two or more persons to commit some act which is either a crime in itself, or expressly forbidden by the chapter on conspiracy. If there is a conspiracy to commit a crime, no other action on the part of the parties to the conspiracy need be alleged or shown. If the agreement is to do any of the things set out in paragraphs 2, 3, 4, or 5 of section 62, some other act beside the agreement to effect the object thereof must be done by one or more of the parties to such agreement. In other words a mere agreement to do a thing which is not a crime in itself is not punishable by the law in force in Porto Rico. A complaint in conspiracy therefore should bring home to the accused person a knowledge of the thing with which he is charged, whether it is an agreement to commit a crime or to do some other thing prohibited by the law on conspiracy. If the act which is the object of the agreement is not forbidden by the

penal laws, the defendants have a right to be informed of the character of the alleged conspiracy and what act or acts they or any of them are charged with having taken to carry it into effect." (10 P.R.R. 517–518.)

■ Apparently this language was used because it being a case of an agreement to set a house on fire, by express provision of § 63 it was not necessary to allege or to prove the overt act. However, we do not find grounds in the act for the final pronouncement made in said decision to the effect that "if there is a conspiracy to commit a crime, no other action on the part of the parties to the conspiracy need be alleged or shown. If the agreement is to do any of the things set out in paragraphs 2, 3, 4, or 5 of § 62, some other act beside the agreement to effect the object thereof must be done by one or more of the parties to such agreement." The language used in § 63 cannot give rise to such a misinterpretation. That is precisely the legal provision which requires the overt act for the agreement to constitute conspiracy. The only exceptions established by said provision are when the agreement is to commit a felony upon the person of another, or to commit *arson or burglary*.[5]

■ In the instant case the alleged agreement was to commit the offense of prohibited games. This is not, of course, one of the cases in which, by exception of the law, an overt act is not required as an integral element of the offense.

The information filed against appellants charges them with having conspired to violate the legal provisions which forbid the games of chance and being thus in agreement they invited Carlos Mártir Santiago to concert with them and to form part of a game of cards for money. There is no contention about any overt act or acts carried out by appellants to effect the said game of cards. They did agree to

---

[5] The Spanish phrase *asaltar moradas* is a wrong translation of *burglary* which means, in Spanish, *escalamiento*.

play games of chance but they did not carry out any overt act to effect said games, they did not commit the offense of conspiracy. As the information does not allege such overt act, it does not charge a public offense.

■■ We cannot agree with appellants in that an agreement to play prohibited games of chance does not constitute conspiracy, on the basis of the rule known as "Wharton's Rule." According to said rule an agreement to commit an offense which can only be committed by the concerted action of two persons does not constitute conspiracy. It has been mainly applied in cases of adultery, bribery, and fugitives from justice, limited to cases where the essential participants were the only conspirators; but where more parties than are logically necessary for the commission of the offense, object of the conspiracy, participate in the latter, said rule does not apply. 16 Am. Jur.2d, § 16 and cases therein cited; 91 A.L.R.2d 1148; *People* v. *Purcell*, 26 N.E.2d 153.

The judgment appealed from will be reversed and the information will be dismissed.

Mr. Justice Santana Becerra did not participate herein.