### ·WHITE DEER PIPE LINE CO. et al. v. McLAUGHLIN et al.

No. 22368. Opinion Filed Nov. 10, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

HEFNER, J. This is an original proceeding in this court by White Deer Pipe Line Construction Company and United States Fidelity & Guaranty Company to review an award of the Industrial Commission awarding compensation to G. W. McLaughlin. Claimant sustained an injury on the 12th day of August, 1930, while in the employ of the company. He was paid compensation at the rate of $15.58 per week for a period from August 18, 1930,· to February 1, 1931, when he was discharged by his physician and returned to work. Settlement was made by the parties for compensation because of temporary total disability, and the Commission, on the 15th day of September, 1930, approved the settlement, the order of approval concluding as follows:

"It is therefore ordered: That said amount so paid be approved and that the case be closed as to temporary total disability; the amount of permanent disability, if any, to be hereafter determined."

Thereafter, and on April 25, 1931, on application of claimant to determine the extent of permanent disability, the Commission awarded him additional compensation at the rate of $15.58 per week from September 4, 1930, to April 22, 1931, a total sum of $516.74, and further ordered that payments continue at the rate of $15.58 per week, not to exceed 300 weeks, or until further order of the Commission.

Petitioners contend that the order should be vacated because it is ambiguous. They assert that it is impossible to determine therefrom whether the Commission awarded further compensation for temporary total disability because of a change in condition. or whether it intended to award him compensation for permanent partial disability under the last paragraph of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, commonly referred to as the "Other Cases" clause, which provides:

"Other Cases: In this class of disabilities, the compensation shall be 66-2/3 per centum

of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment, **or otherwise,** payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest."

The order, after reciting that the cause came on to be heard on application of claimant to determine extent of permanent disability, makes the following finding of facts:

"That, on August 12, 1930, claimant, G. W. McLaughlin, was in the employment of the respondent herein and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of said employment, said claimant, on August 12, 1930, sustained an accidental personal injury, the nature of which was an injury to the back.

"That, on August 28, 1930, claimant signed a stipulation and receipt for temporary total compensation from date of injury to August 31, 1930, less the statutory 5-day waiting period, and that on September 4, 1930, he filed a motion for hearing to determine extent of permanent disability; that he has had a change of condition and no wage-earning capacity from September 4, 1930, to date of hearing (April 22, 1931).

"That the average wage of claimant at the time of said accidental injury was $4.05 per day."

From these facts the Commission concludes:

"The Commission is of the opinion, upon consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $15.58 per week, from September 4, 1930, to April 22, 1931, being 33 weeks and one day and a total sum of $516.74, and continued thereafter not to exceed 300 weeks or until otherwise ordered by this Commission."

We think the award shows upon its face that compensation was allowed because of permanent partial disability and also shows that compensation was computed under the "Other Cases" provisions of the statute.

Petitioners further contend that the evidence is insufficient to support the finding that claimant had no wage-earning capacity from September 4, 1930, to April 22, 1931. Claimant on this question in substance testified: Shortly after the settlement and discharge by his doctor he secured employment from a rig building company and attempted to work. He worked three hours and was compelled to quit because he was unable to do the work. That he still is unable to do heavy manual labor. He made repeated efforts to find such work as he was able to do, but was unsuccessful. He had, however, between the time of his discharge and the date of hearing, mowed several lawns. This was the only work he could find that he was able to do. We think the evidence sufficient to support the finding challenged. We do not think the small amount of work claimant succeeded in obtaining establishes any substantial earning capacity subsequent to his injury. We think the facts in this case bring it within the rule announced in the case of Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180. It is there said:

"The Texas Company says in its brief: 'There is no evidence to show how much he has been making since the injury,' whereas claimant introduced evidence to show that he was unable to obtain steady employment of a gainful nature for a period of more than two years after the injury, which would be more than 104 weeks, and approaching the 125 weeks allowed. The evidence shows some slight gainful employment during the period.

"So we are presented a case wherein there is no substantial wage-earning capacity subsequent to the injury which otherwise should be deducted from the previous wage-earning capacity as a part of the calculation.

"Impairment of wage-earning capacity, under a liberal interpretation, is enjoined upon us by a settled policy of the law (McAlester Colliery Co. v. State Industrial Com., 85 Okla. 66, 204 P. 630; Thompson v. State Industrial Com., 138 Okla. 166, 280 P. 597), means not only inability to perform obtainable work, but also inability, on account of the impairment, to secure work to do. Gorrell v. Battelle, 93 Kan. 370, 144 P. 244.

"Moreover, the very basis for compensation by the words of the statute, under the third subdivision, are 'wage-earning capacity' and 'degree of such impairment.' Those phrases are not prefaced by the word 'physical,' even though accidental personal injury is the basis of compensation. The result is that any deprivation of power to earn wages as a workman as a result of the injury is 'incapacity' within the meaning of the law. * * *

"The final analysis is that, since claimant was permanently partially disabled, he was entitled to receive 66 2/3 per cent. of the difference between his prior average weekly wage ($24) and his subsequent wage-earning capacity (nil), which amount is $16, and for a duration not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment (wage-earning capacity) by the Commission on its own motion or upon the application of any party in interest."

The award is in harmony with the rule announced in the above case, and the petition to vacate is denied.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) 28 R. C. L. 820; R. C. L. Perm. Supp. p. 6243; R. C. L. Pocket Part, title Workmen's Compensation, § 106. (2) annotation in L. R. A. 1916A, 266; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.