**BURPO GIN CO. et al. v. CHANEY et al.**

No. 23650. Opinion Filed Sept. 6, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Kelly & Grigsby, for respondent W. W. Chaney.

CULLISON, J. This is an original proceeding before this court to review an order and award of the State Industrial Commission made and entered on the 22nd day of April, 1932, in favor of W. W. Chaney.

Said award, omitting the formal parts, is as follows:

"Order.

"* * * (1) That on or about the 19th day of October, 1929, the claimant was in the employment of the respondent and engaged in a hazardous occupation covered by and subject to the Workmen's Compensation Law;

"(2) Arising out of and in the course of said employment the claimant on October 19, 1929, sustained an accidental personal injury to his lumbar and sacral region by falling backwards some ten feet, as a result of which he was temporarily totally disabled, for a certain period, and that by stipulation herein of the parties, all temporary total disability has been paid in the amount of $801.

"(3) **That as a further result of said accident the claimant's wage-earning capacity has decreased from $6 per day to $2 per day, from and after the date said temporary total disability ceased, or to wit, from August 20, 1930.**

"(4) That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ per centum of the difference between his average wage at the time of said accidental injury, and his wage-earning capacity thereafter, payable

during the continuance of such permanent partial disability not to exceed 300 weeks.

"Upon a consideration of the foregoing facts, the Commission is of the opinion that claimant is entitled to compensation at the rate of $15.39 per week, for a period not to exceed 300 weeks from and after August 20, 1930, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest; and that there is now due the claimant a total of $1,340.86, or 87 weeks and one day, computed from August 20, 1930, to this date, less any amount heretofore paid upon said permanent partial disability.

"It is therefore ordered, that within 15 days from this date the respondent or insurance carrier pay to the claimant the sum of $1,340.86 less any sum heretofore paid, or 87 weeks and one day, at the rate of $15.39 per week, computed from August 20, 1930, to April 21, 1932, and to continue paying the claimant compensation at the rate of $15.39 per week until a total of not to exceed 300 weeks have been paid, less any permanent partial disability, or until otherwise ordered by the Commission, and to pay all hospital, medical and doctor bills incurred by reason of said accidental injury.

"It is further ordered, that within 30 days from this date the respondent or insurance carrier herein file with the Commission proper receipt or other evidence of compliance with the terms of this order."

Petitioners urge reversal of the foregoing award upon the proposition of law that there is no evidence in the record to support the finding of the Commission that the claimant's earning capacity has been decreased by the injury from $6 per day before the injury to $2 per day after the injury.

Petitioners inform this court in their brief that they admit the injury, admit that claimant has a permanent partial disability by reason thereof, and that such permanent partial disability is somewhere between 25 per cent. and 75 per cent. Petitioners further admit that the award of the Commission was made under the authority of the "other cases" provision of section 7290, C. O. S. 1921, as amended, and that claimant's average daily wage before the injury was $6 per day.

The Commission found, supra, that claimant's earning capacity was reduced to $2 per day after the injury, by reason of said injury. Petitioners contend that this finding is not supported by the evidence and their proceeding to review said award is bottomed upon this contention.

In the case of White Deer Pipe Line Co. v. McLaughlin, 153 Okla. 54, 4 P. (2d) 1057, this court held, in substance, that a finding that the claimant's earning capacity has been reduced to a certain amount will not be disturbed by the Supreme Court on review where there is any competent evidence reasonably tending to support said finding and the award based thereon.

This necessitates an examination of the record on this point. The testimony of Drs. Harbison and Harbison was that claimant could do no manual labor, and that claimant was 75 per cent. totally and permanently disabled, due to the injury under consideration in the case at bar. Claimant testified that he could do only light work, and that said light work affects his back and legs. Claimant further testified that he had performed little jobs whenever he could find the same, but that he had not performed the same kind of labor he was doing prior to the accident. Claimant further testified that his first work after the accident was that of overseeing a repair job, which netted him $4 or $5; that he had superintended the installing of a mixer and cleaner in the Madill Grain & Feed Store, working a week or ten days, and being paid $2.50 or $3 per day for his services; that he had been re-employed at the gin for three months, at $125 per month, in the capacity of superintendent and overseer of the work, instructing the men in the operation of the gin; that with these exceptions, his occupation and labor had been confined to small repair jobs, such as upholstering of furniture, which he could do sitting down or while standing at a bench, his income therefrom never exceeding $40 per month; that otherwise he has been unemployed and has depended on the compensation from respondents for his livelihood.

Under the "other cases" provision of subdivision 3 of section 7290, C. O. S. 1921, as amended, claimant's earnings since the accident may be said to be three months at $5 per day; seven to ten days at $2.50 or $3 per day; and 16 months at not more than $40 per month, or not more than $1.60 per day, together with the sum of $4 or $5 received from one other small job.

In the McLaughlin Case, supra, this court said:

"An award under the last paragraph of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, is for incapacity to work as the result of injury, which, under a liberal interpretation of the law, means compensation for loss of earn-

ing power of the workman as a result of the injury, whether the loss manifests itself in inability to perform obtainable work or inability, on account of the impairment, to secure work to do."

It will be observed that petitioners contend that there is no evidence in the record to show that claimant is any worse now than he was at that time, or that he has been unable to get any work, because of the condition, and that he has suffered no loss of earning capacity due to his permanent disability.

In the light of the record and the authority cited, we cannot agree with the contention of petitioners.

The petition to vacate is denied, and the award affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 136, 255, 380; 17 A. L. R. 210; 33 A. L. R. 115; 28 R. C. L. 819, 820; R. C. L. Perm. Supp. pp. 6242, 6243; R. C. L. Pocket Part, title Workmen's Compensation, § 105.