**DEEP ROCK OIL CO. v. CLEMENT et al.**

No. 24229.    Oct. 31, 1933.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for petitioner.

Murphy & Colley, for respondents.

BAYLESS, J.    Deep Rock Oil Company, the employer, carrying its own risk, petitions this court for a review of an award made in favor of J. W. Clement, an employee.    It will be referred to hereafter as petitioner, and the employee as claimant.

The issues raised by the petitioner and the view we take of the matter necessitate the discussion of only one proposition.    The discussion will be directed to petitioner's proposition No. 1:

"There is no competent evidence to support the finding of the Commission that the claimant sustained an injury of the character named in the award."

A summary of the evidence upon this point can be made thus:    Claimant was employed by petitioner in hazardous occupation in its plant at Cushing, Okla., at a salary averaging $2.88 per day, and this employment continued until October 20, 1931, when claimant was laid off because of industrial conditions.    Employee testified that on October 18th, two days prior thereto, he had sustained an accidental personal injury in the region of the perineum, by falling straddle-wise on the rim of a tank out of which he was climbing; but that after receiving some aid and resting a little he worked on until he was laid off.    That he was directed by his immediate superior to consult Dr. John W. Martin, the company physician, at Cushing, Okla., and that he did so, telling him of the injury and receiving treatment therefor.    That he then traveled to the western part of the state to visit his brothers, and while there received medical attention for this injury from Dr. Pinner.    That in December his condition became so bad that he entered a hospital in El Reno, Okla., and was operated upon for a perineal abscess.    He introduced into evidence, in an incompetent manner and over objections, the written records of the hospital in which appeared a history of his case, including the injury and a later strain reviving the effects of the previous injury. While in the hospital, both the attending physicians and the claimant attempted to give written notice of the injury to the petitioner.    The claimant averred that he gave no written notice of the injury or of a claim for compensation or for medical attention to the petitioner within 30 days after the injury, or at any other time before the notice given while he was in the hospital in December.    The claimant testified that his immediate superior, the assistant general yard foreman for petitioner, witnessed the accident, and that his immediate superior rendered him aid at the time and directed him to a company physician.    All of the foregoing, except the hospital records, is supported by the uncorroborated testimony of the claimant only.    He is flatly disputed and contradicted in every particular, as follows:    By the immediate superior, who says he did not witness the accident, did not aid the claimant at the time, and never knew or heard of the alleged injury until about May, 1932; by Gazaway, who it was shown was working with him, and who says that he did not see the accident, did not hear claimant mention having received an accidental injury, and never knew of the alleged injury until shortly before the first hearing in July, 1932; by Dr. John W. Martin, the first physician consulted, who denied he was a company doctor or had any connection

with the petitioner, but, on the contrary, testified he had been the claimant's personal physician, and who denied that claimant consulted him with reference to the injury complained of or that he ever knew of such injury until he was called as a witness at one of the hearings of this case; and lastly, by Dr. Pinner, who says he saw and treated claimant in November, 1931, for chills and fever, but that he was not consulted about the injury and never heard of it until needed as a witness in this case.

The employee's "first notice of injury and claim for compensation" gave the nature and extent of the injury as "bruise with abscess between legs." The attending physician's report gives the same statement with the added information that the abscess had been opened and drained. Under the head of "remarks" on this report, it was stated that claimant had a pyelitis as the result of the injury. Pyelitis is defined in Webster's New International Dictionary as "inflammation of the pelvis of the kidney." In an amended employee's "first notice of injury and claim for compensation," filed March 25, 1932, the nature and extent of the injury was given as "ruptured gland." In yet another such report filed May 4, 1932, the same answer to the question of the nature and extent of the injury was given. No medical testimony was introduced to say what gland was ruptured or the extent of the disability resulting therefrom.

Upon these written reports and the evidence above summarized, the Commission found:

"That on the 18th day of October, 1931, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his testicles when he fell astraddle of a part of the tank."

The petitioner contends that there is no evidence to support the award in two particulars: (1) That the uncorroborated and flatly contradicted testimony of the claimant is insufficient to support a finding that claimant sustained an accidental personal injury arising out of and in the course of the employment, and (2) that no injury to the testicles was shown.

We will not pass upon the first point in this opinion, because the view of this case which we take will necessitate further proceedings, and because the second point is so clearly correct that a reversal must be had upon it alone.

We have heretofore shown that the claimant nowhere claimed an injury to his testicles; that the testicles are nowhere in the evidence mentioned; and for these reasons the Commission's finding thereon and award therefor are erroneous. The Commission, by attempting to find an injury and award therefor, when such an injury was not claimed or mentioned in the evidence, leads us to believe that it was of the opinion that the claimant had not made out a case in support of the injury actually claimed for. Nevertheless, this does not justify it in attempting to go outside of the record and ward for something else.

We are therefore vacating the award, and remanding the case to the Commission for further proceedings.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. WELCH, J., absent.