## COMMANDER MILLS, Inc., et al. v. STANSTILL et al.

No. 27060.    June 8, 1937.

Pierce & Rucker and Fred M. Mock, for petitioners.

Hamilton & Clendinning and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondent. On September 15, 1933, Dona Stanstill filed a claim for compensation stating that she strained her back while lifting a roll of cloth out of a loom in a mill on April 26, 1933; that her average daily wage was $2.75, and upon a subsequent hearing an award was entered for permanent partial disability on the 15th day of February, 1936, awarding compensation at the rate of $8 per week from May 24, 1933, and ordering payment from May 24, 1933, to February 15, 1936, or 142 weeks, paid in a lump sum, and $8 per week until the total of 300 weeks has been paid. Petitioner seeks to vacate the award.

It is first urged that the order awards respondent compensation from May 24, 1934, until August 18, 1936, and it is therefore apparent the commission awarded compensation for a period of four months when claimant was drawing full wages. We fail to find such a statement in the record at the page referred to by petitioner, but respondent admits payment for four months beginning May 24, 1934. On this proposition we are inclined to believe petitioner meant to state August 18, 1934. Credit should be given for these payments on the lump sum awarded. Markham v. State Industrial Commission, 85 Okla. 81, 205 P. 163. This disposes of proposition 2 also, in which petitioner urges that where the commission awards compensation under the "other cases" provision of the act for a period of time during which the claimant was paid a weekly salary, such payments should be credited on such permanent partial disability.

Under proposition 3 petitioner objects to the nature of the award because it was for 300 weeks. As a matter of law the order is within the terms and provisions of the statute which permits awards for not to exceed 300 weeks under the "other cases" provision of subdivision 3 of section 13356, O. S. 1931. The only method in which the order could be changed more properly to comply with the terms of the statute is to state therein that it is for a period of not to exceed 300 weeks subject to change of the order either by the commission, or by either party upon proper application, and a subsequent showing that there has been a change of condition within the 300 weeks. Such disability is permanent and partial. The law itself provides that upon a change of condition it may be changed by the commission or by order on application of either party where a change of condition is shown to have occurred within 300 weeks. Harrington v. Miller, 164 Okla. 122, 22 P. (2d) 1000; H. F. Wilcox Oil & Gas Co. v. Lewis, 173 Okla. 640, 49 P. (2d) 782. The law does this without the necessity of the order stating the same, and neither the commission nor the parties can prevent an application under the terms and provisions of the Workmen's Compensation Act resulting from a change of condition.

The other proposition is that there is no competent evidence to sustain the award. There is competent evidence in the record both as to the nature of the accident and the resulting disability and the average daily wage of the respondent. We have held that when such competent evidence is presented, the determination of the question of fact by the State Industrial Commission will not be disturbed. Empire Oil & Refining Co. v. Myers, 177 Okla. 401, 60 P. (2d) 730; Amerada Petroleum Corp. v. Sumner, 177 Okla. 503, 61 P. (2d) 205.

The award is affirmed.

WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur.