## BLACKSTOCK OIL CO. v. MURTISHAW et al.

No. 28436.   Dec. 6, 1938.

Rehearing Denied Jan. 31, 1939.

Application for Leave to File Second Petition for Rehearing Denied Feb. 21, 1939.

Jarman, Brown, Looney & Watts, for petitioner.

Carmon C. Harris and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, C. J. This is an original proceeding in this court brought by Blackstock Oil Company, hereinafter referred to as petitioner, to obtain a review of an award of the State Industrial Commission in favor of Charles L. Murtishaw, hereinafter referred to as respondent.

It appears that respondent was injured on March 10, 1937, and was paid certain sums for temporary total disability. A motion was filed seeking the determination of the extent of respondent's permanent partial disability. Certain evidence was introduced before the commission and resulted in a finding to the effect that as a result of an accidental injury arising out of and in the course of his employment respondent had sustained certain permanent partial disability; that his average weekly wage prior to the injury was $23.08 per week; that his present wage-earning capacity is $1 per day, resulting in a net decrease in earning capacity of $17.08 per week. An award was entered for $11.38 per week, not to exceed 300 weeks or until otherwise ordered by the commission. ("Other cases" provision, section 13356, O. S. 1931.) Said order is now before the court for review. There is but one proposition presented, which is as follows:

"The record contains no evidence to support the commission's finding that the claimant sustained a loss of wage-earning capacity as a result of his injury, and the award based thereon is void and should be vacated."

The only evidence introduced at the hearings before the commission was the testimony of respondent and that of three doctors who examined him. The testimony of the doctor who appeared for petitioner was to the effect that respondent had no disability. The testimony of a doctor appointed by the commission was to the effect that respondent had from 10 to 15 per cent. permanent partial disability as a result of his injury, and the testimony of the doctor who appeared for respondent was to the effect that he, respondent, had a 35 per

cent. permanent partial disability and was incapacitated from performing labor other than light work. The pertinent portions of respondent's testimony are as follows:

"Q. Now, what have you been doing since the last hearing in this case, last August 30th? A. Nothing only cut the yard. Q. Have you been able to work? A. No, sir, that's why I never. Q. Have you tried to do any work? A. No, sir. Q. Your wife has been working? A. Yes, sir. Q. How do you feel? A. Well, just·feel sore—can't bend over. That side. Q. When you talk about a side, are you talking about the side of your body, or the side of your back? A. Side of my back. Q. When you said side, it might be confused with the side here (indicating) which might be the left of your groin. You are talking about your back or the left side? A. Yes, sir, the left side of my back. Q. Are you able to stoop over? A. Not very well, can't get over to pick up anything off the ground unless I sit down and pick it up. Q. You cannot, judging from the way you feel, do ordinary manual labor at this time? A. No, sir, I couldn't. Q. Do you think you would be able to do some kind of light labor? A. It would have to be where I could straighten up all time. Q. You could do something if it were work where you didn't have to stoop over or lift anything? A. Yes, sir."

It thus appears that there is ample evidence to sustain the finding of the commission that respondent was permanently and partially disabled, but the burden of the argument is that there is no evidence to sustain the finding that respondent's present earning capacity is $1 per day. It is noted that none of the doctors attempted to estimate respondent's present earning capacity.

In the case of Cornhuskers Theatres v. Foster, 181 Okla. 341, 74 P.2d 109, it was pointed out that decrease of wage-earning capacity is a question of fact to be computed by determining how much the ability to earn wages has been reduced by reason of the physical disability. In the case of Moore v. State Industrial Commission, 170 Okla. 9, 38 P.2d 577, it was pointed out that in order to ascertain and determine the loss of earning capacity it was not sufficient to establish the degree of disability. but proof of the degree of disability is a circumstance which it is proper for the commission to consider in determining the loss of earning capacity. Following the case of Tidal Pipe Line Co. v. Smith, 152 Okla. 156, 3 P.2d 871, it was held that the earning capacity of the injured workman was a question of fact for the determination of the commission upon a consideration of all the evidence, facts, and circumstances in the case.

In the case of Texas Company v. Roberts, 146 Okla. 140, 294 P. 180, it was pointed out that impairment of wage-earning capacity, under a liberal interpretation, means not only inability to perform obtainable work, but also inability, on account of impairment, to secure work to do; that any deprivation of power to earn wages as a workman as a result of the injury is "incapacity" within the meaning of the law. In that case the only evidence before the court was the evidence of the injured workman regarding the amount of work he had been able to secure, which, with the evidence relating to his physical condition, was deemed sufficient by the court to sustain the findings and award. Other cases dealing with the problem are: White Deer Pipe Line Co. v. McLaughlin, 153 Okla. 54, 4 P.2d 1057; Simpson-Fell Oil Co. v. Tucker, 158 Okla. 45, 12 P.2d 529; Burpo Gin Co. v. Chaney, 159 Okla. 25, 14 P.2d 216; Dunning Const. Co. v. Franklin, 166 Okla. 918, 26 P.2d 914; Burch v. Slick, 167 Okla. 639, 31 P.2d 110, and Oklahoma Pipe Line Co. v. Harvey, 170 Okla. 323, 40 P.2d 24.

In the case of Beal v. El Dorado Refining Co. (Kan.) 296 P. 723, the Supreme Court of Kansas was called upon to review a finding of loss of earning capacity of an injured workman, where such workman had sustained severe disfigurement as a result of an industrial accident. Therein·the court said:

"That claimant was shockingly disfigured was indisputably proved. That disfigurement of the character he suffered will certainly handicap him greatly in procuring employment was fully proved. There was testimony based on knowledge and experience that claimant's disfigurement alone will prevent him from securing work in the open labor market. This evidence furnished sufficient data for determining degree of impairment of ability to earn wages. **There is no recognized rule or standard or conventional method for determining the degree** and the office of compensation commissioner was created for the purpose of providing a discreet arbiter to form a judgment, within the limitations of the Compensation Act on just such criteria."

The work being performed by the workman at the time of the hearing or at any time subsequent to the injury is evidence to be considered along with other evidence, but not controlling any more than other evidence. McGhee v. Sinclair Refining Co., 146 Kan. 653, 73 P.2d 39. It is not necessary that any witness specify a percentage in figures of the incapacity resulting from the injury. Traders & General Ins. Co. v. Snow (Tex. Civ. App.) 114 S. W.2d 682.

In the case of Re Percival (Mass.) 167 N. E. 352, 63 A. L. R. 1237, it was held:

"In determining the extent to which an injured employee's ability to earn wages has been reduced, the members of the industrial accident board are entitled to use their own judgment and knowledge."

In the case of Carson v. Real Estate-Land Title & Trust Co. (Pa. Super.) 165 Atl. 677, the court was reviewing a finding of decreased wage-earning capacity of an injured workman. Therein it was said:

"Just how much one's earning power is reduced in a case of this character is difficult to fix. But it must be borne in mind that the same exactness of proof in a compensation case is not required as in suits at common law. Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 113 A. 666. That question, however, was for the board to determine from the competent evidence and the proper inferences to be drawn therefrom, and when once ascertained, the finding is as binding upon us as the verdict of a jury. Sgattone v. Mulholland & Gotwals Inc., 290 Pa. 341, 345, 138 A. 855, 58 A. L. R. 1463: Dunbar v. B. A. Jacobson, Inc., 106 Pa. Super. Ct. 95, 161 A. 431. 'Proof relied upon to show diminution of earning power need not be clear and indubitable.' Robb v. Niles-Bennett-Pond Co., 269 Pa. 298, 302, 112 A. 459, 460. See, also, Olin v. Bradford, 24 Pa. Super. 7."

It was pointed out in the case of Burch v. Slick, supra, that an award under the "other cases" provision of section 13356, O. S. 1931, is subject to reconsideration by the commission upon its own motion or the motion of any interested party, and if it was mistaken as to the wage-earning capacity of the claimant, it has the power to increase or diminish the award upon further hearing.

All of the authorities recognize the difficulty of making an accurate forecast of the ability of a disabled workman to earn wages. We would not attempt to fetter the commission in the exercise of a reasonable judgment and discretion in such matters by attempting to enumerate the factors that should be considered in fixing such wage-earning capacity. Some of them have been referred to in the above-cited authorities. Under the particular facts which may arise in subsequent cases, other factors may be involved. In the instant case there was evidence of the degree of the disability and the respondent's own testimony in regard to the nature of the work which he was able to perform. Every fact adduced from the evidence carried with it its necessary inferences which were likewise entitled to consideration. In addition, the commission was entitled to use its own general knowledge, judgment, and experience in such matters. We find that there is evidence reasonably supporting the finding as to respondent's wage-earning capacity.

The award is sustained.

WELCH, CORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, V. C. J., and RILEY and GIBSON, JJ., dissent.

RILEY, J. (dissenting). I am unable to find evidence to sustain the finding that the injured workman's reduced earning capacity was $1 per day. He could not perform usual manual labor. There was no showing that light work that might have been done without stooping was obtainable. It is true the workman does not complain of the finding as in the McNeill opinion. Stass v. Rogers et al., 166 Okla. 72, 26 P.2d 206, but, as I view it, unless from facts and circumstances the reduced earning can be fixed, the commission finding is based on speculation; it is arbitrary, consequently the absence of evidence to support the finding resolves the issue into a question of law to be resolved in favor of petitioner, who cannot be required to pay compensation until the amount of it is determined by evidence. The cause should be remanded for further hearing.