**SUN OIL CO et al. v. FARRIS et al.**

No. 28785.   Jan. 24, 1939.

·Rehearing Denied March 7, 1939.

Jarman, Brown, Looney & Watts and Edgar Fenton, for petitioners.

Stanley Belden and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Sun Oil Company, hereafter referred to as petitioner, and its insurance carrier, to obtain a review of an award made by the State Industrial Commission in favor of Cecil Farris, hereafter referred to as respondent.

The record shows that on April 19, 1937, the respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation, wherein he sought an award for disability alleged to have resulted from an accidental personal injury sustained by him on February 27, 1937. The State Industrial Commission, after hearings held to determine liability and extent of disability, on July 9, 1938, entered the award which we are now called upon to review. The award so made was for a temporary partial disability and directed payment of the sum of $756.93 as accrued compensation to July 8, 1938, and payments thereafter at the rate of $10.97 per week for a period not to exceed 300 weeks, and was based upon the following findings of fact:

"(1) That on the· 27th day of February, 1937, the claimant was in the employment of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law and that on said date he sustained an accidental injury to his back arising out of and in the course of his employment with the respondent herein.

"(2) That at the time of said accidental injury, the claimant's average weekly wage was $28.46 per week.

"(3) That as a result of said. accidental injury, the claimant was temporarily partially disabled from the performance of ordinary manual labor from the 6th day of March, 1938, to this date, and is still temporarily partially disabled from the performance of ordinary manual labor and that his wage-earning capacity, in the same employment

or otherwise, has decreased from $28.46 per week to $12 per week, and that the difference in his wage-earning capacity at the time of said accidental injury, and his wage-earning capacity since the time of said accidental injury is $16.46 per week."

Petitioner, as grounds for the vacation of said award, urges: First, that the award of accrued compensation is patently erroneous and excessive; second, that the finding with reference to temporary partial disability is unsupported by any competent evidence; and, third, that there is no competent evidence in the record upon which to base the finding of decreased wage-earning capacity. It will be noted that the State Industrial Commission in its third numerical finding, supra, gives March 6, 1938, as the date on which respondent's temporary partial disability commenced. If this date were correct, then the first contention of the petitioner would be well taken. However, since all of the evidence in the record points unerringly to the conclusion that the Industrial Commission had in mind and intended to use the date of March 6, 1937, and that the insertion of the date March 6, 1938, in said finding was inadvertent, we are of opinion that it should be so treated. This conclusion is supported further by the fact that the amount of accrued compensation awarded corresponds mathematically with the amount which it should have been, had the date of disability been given as March 6, 1937, and the five-day waiting period deducted. The error appears to be typographical only, and we will so treat it and direct a correction rather than vacate the award.

The remaining contentions advanced by the petitioner in reality present but one question for determination, that is, whether there was any competent evidence to support the finding of the commission with respect to decrease in wage-earning capacity of the respondent. The award being one of compensation for a temporary partial disability, it had to be made pursuant to the provisions of subdivision 4, section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, subdivision 4, which prescribes decrease in wage-earning capacity after an injury as the controlling factor to be employed in the computation of the rate of compensation to be awarded for disability resulting from such injury. In the case of Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P.2d 308, this court said:

"A decrease in the wage-earning capacity of an injured workman is a question of fact to be computed by determining how much the ability to earn wages has been reduced by reason of the physical disability. In making such computation the Industrial Commission should take into consideration all the testimony, the inferences reasonably deducible therefrom, and all other facts and circumstances in the case."

The medical testimony was in conflict in some particulars but was in accord with respect to the fact that respondent was unable to perform ordinary manual labor, and there was further medical testimony to the effect that such disability was to be attributed to the injury which respondent had sustained. Likewise there was substantial agreement in the medical testimony to the effect that the disability was not of a permanent nature. Thus it will be noted that there was competent evidence before the commission upon which to base a finding of temporary disability as a result of injury, and this evidence, coupled with the testimony of respondent regarding his attempts to work and his inability to perform sustained labor, justifies the commission in concluding that the disability was partial rather than total. The Industrial Commission made no award for temporary total disability, which, under the evidence shown in the record, it might have done, and the error, if any, in finding that the disability was temporary partial was in favor of the petitioner and is one of which it cannot properly complain. See Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P.2d 109, and cases therein cited. Since the only error presented is a typographical one in a finding and the award appears to be correctly made, the Industrial Commission is directed to make the required correction in its finding, and as so corrected the award will be, and is, in all respects sustained.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.