## MIDWEST RIG BUILDING CO. et al. v. BRADSHAW et al.

No. 28555.   March 7, 1939.

Rehearing Denied March 21, 1939.

Gibson & Savage and Sam Glassman, for petitioners.

Carmon C. Harris and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Midwest Rig Building Company, hereafter referred to as petitioner, and its insurance carrier, Traders & General Insurance Company, to obtain a review of an award made on March 26, 1938, by the State Industrial Commission in favor of Homer Bradshaw, hereafter referred to as respondent.

The award was for permanent partial disability under the "other cases" provision of the statute (subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, subd. 3). As a predicate for said award the State Industrial Commission found in substance that respondent was injured on August 28, 1937, while in the employ of the petitioner; that said injury was compensable and that the average daily wage of the respondent was $6 per day, thereby making his rate of compensation $18 per week; that respondent had been paid compensation for temporary total disability which ceased January 6, 1938, and that said payment had been made under form 7 stipulation and receipt; that respondent had sustained a permanent partial disability as a result of his accidental injury which had decreased his wage-earning capacity and which entitled him to compensation at the maximum rate provided by statute. The petitioner takes exception to the second and fourth findings of fact which were made by the commission, and which findings read as follows:

"2. That the claimant's wage at the time of said accident was $6 per day entitling him to compensation at the rate of $18 per week. * * *

"4. That by reason of said accidental injury claimant has sustained a permanent partial disability, and reduction in his wage-earning capacity; and as a result of the aforementioned injury and resulting permanent partial disability, claimant is entitled to compensation at the rate of $18 per week, during the continuance of such permanent partial disability, and not to exceed 300 weeks, subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest."

Petitioner concedes that compensation at the rate of $18 per week was paid for the period of temporary total disability and that such payment was made under a form 7 stipulation and receipt. Since the parties had therein stipulated and agreed that respondent's average daily wage was $6 per day and his rate of compensation $18 per week, these items were not in issue when the commission held its hearings to determine the extent of respondent's permanent partial disability, but stood as admitted facts. Noble Drilling Co. v. Adams, 174 Okla. 104, 49 P.2d 769; Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 P. 833. Under such circumstances there was no necessity for the Industrial Commission invoking any of the methods of computation outlined under section 13355, O. S. 1931, 85 Okla. St. Ann. sec. 21. The cases cited by petitioner deal with those situations where the item of average daily wage

480

was an issue and where the Industrial Commission had to determine such issue, and therefore invoke some one of the methods provided by statute for that purpose. Hence such decisions have no application to the situation here presented. While the State Industrial Commission must make a finding of the average weekly wage of the employee as a prerequisite to an award of compensation, such finding is an incident in the administration of the act and is in no sense jursdictional, and therefore may be based upon admissions of the parties. It appears in the instant case that this was done, and therefore the contention of the petitioner to the contrary cannot be entertained.

The next contention of the petitioner involves the sufficiency of the evidence to support the finding made by the commission with respect to decrease in the wage-earning capacity of the respondent. The record shows that the medical evidence, while in conflict as to the extent of the respondent's injury, was in agreement as to its nature as being permanent partial and to the respondent's back rather than to any specific member. An award, therefore, had to be made, if at all, under the "other cases" provision of the statute (subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. sec 22, subd. 3). An award under this provision is authorized when an employee, as the result of an accidental personal injury, sustains a permanent partial disability which decreases his wage-earning capacity. Amerada Pet. Corp. v. State Industrial Commission, 150 Okla. 16, 300 P. 761; Phillips Pet. Co. v. Harrison, 164 Okla. 69, 22 P.2d 994; and as pointed out in the case of Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P.2d 109:

"Decrease in the wage-earning capacity is a question of fact to be computed by determining how much the ability to earn wages has been reduced by reason of the physical disability."

It appears from the record that in making the finding which it did in this connection the State Industrial Commission had before it not only evidence of the degree of disability which the respondent had sustained as the result of his accidental injury but also evidence of the extent which such disability had interfered with the ability of the respondent to perform work and labor of a manual or mechanical nature. This evidence was competent and was sufficient to support a finding of a residual earning capacity on the part of the respondent of between one and two dollars per day, or a decrease in the wage-earning capacity of the respondent of between four and five dollars per day. Such decrease in wage-earning capacity, when employed in the manner directed by the statute, was sufficient to sustain an award of compensation at the maximun rate provided by statute. Under these circumstances the failure of the Industrial Commission to set forth specifically and mathematically the exact amount of the decrease is immaterial and does not reflect any prejudice to the petitioner. Since the matters complained of fail to disclose any prejudicial error and the award is sustained by competent evidence in the record, this court will not disturb such award.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J. and OSBORN, GIBSON, HURST, and DANNER, JJ., concur. RILEY, CORN, and DAVISON, JJ., absent.