**MAYO HOTEL CO. et al. v. BARNEY et al.**

No. 28943.   Oct. 31, 1939.

Pierce & Rucker, of Oklahoma City, for petitioners.

Hamilton & Clendinning, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This proceeding was brought by Mayo Hotel Company, the employer, and Maryland Casualty Company, insurance carrier, hereinafter referred to as petitioners, to review an award in favor of C. A. Barney, hereinafter referred to as respondent.

The award was for permanent partial disability under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22. An award for temporary total disability was affirmed by this court in Mayo Hotel v. Barney, 181 Okla. 430, 74 P.2d 621, and the facts therein will not be reviewed other than to state that the award was for an accidental injury which occurred May 4, 1936, when respondent was repairing a ceiling fan and fell from a ladder.

Temporary total disability was paid under the former award until the 14th day of March, 1938, and on March 23, 1938, petitioners filed a statement with the State Industrial Commission alleging that payment had been made to March 14, 1938; that temporary total disability had ceased and that the respondent had reached the maximum recovery. They attached the report of Dr. T. J. Lynch, dated March 19, 1938, and prayed that the matter be placed on the Tulsa docket for hearing. A hearing was conducted on June 1, 1938, at which time it was stipulated and agreed by petitioners and respondent that the healing period had ended, and that the matter came on to be heard for the determination of permanent disability. During this proceeding it was disclosed by the testimony of expert medical witnesses for both respondent and petitioners that the brace that respondent was wearing and which had been used for treatment of respondent should be removed. Thereafter respondent reported to a doctor chosen by petitioners, who supervised the removal of the brace, and petitioners then paid further temporary total disability up to and including June 24, 1938. On July 2, 1938, petitioners again filed a statement to the effect that payment for temporary total disability had been made up to the last-named date of June 24, 1938, and in the statement asked that the State Industrial Commission by its order terminate the payment for temporary total disability. Notice of hearing was given on August 22, 1938, and on the 6th day of September, 1938, a further hearing was held, at which time it was stipulated and agreed that the temporary total disability ended on June 24, 1938.

Following this hearing, an award for permanent partial disability was entered finding that the respondent was permanently and partially disabled from and after the 14th day of March, 1938, by reason of which disability respondent sustained a loss in wage-earning capacity of $125 per month. Payment from March 14, 1938, to October 3, 1938, the date of the order, was directed in a lump sum and continuance at the rate of $18 per week was ordered in accordance

with said finding. Petitioners seek to review this award.

Petitioners present three specifications of error, which shall be treated under two propositions: First, that there is no competent evidence to support the finding that respondent sustained a loss in wage-earning capacity of $125 per month; second, that the State Industrial Commission erred as a matter of law in finding that the permanent partial disability commenced on March 14, 1938.

We shall first direct our discussion to proposition 1, to wit: That there is no competent evidence to sustain the finding that the respondent suffered a loss in wage-earning capacity of $125 per month. At the date of the injury the respondent was drawing $140 per month. Subsequent to the date of the injury respondent was retained in the employ of petitioner Mayo Hotel Company for a period of approximately nine months. The nature of work performed is not clear. It is agreed he did no heavy work. In March of 1937, he retired to a farm in Arkansas, where he was residing at the time of the above hearings. He testified that he was able to hoe in the garden on occasions, but was unable to work for more than an hour or so at a time; that, in his own words, "he puttered around"; that he had not made over $15 per month since he went to the farm in March, 1937; that he began to milk three cows, but at the hearing on September 6, 1938, stated that he quit this work on advice of his physicians because of pain and discomfort incident to such labor.

The nature of the disability was explained in detail by Doctors Larrabee, Gilbert, and Childs. All three physicians state that the respondent was, in their opinion, unable to perform manual labor other than to do light work such as indicated by the testimony of the respondent above. These physicians stated that in their opinion he was totally and permanently disabled from performing industrial labor. Dr. McDonald and Dr. Cronk testified for the petitioners. Dr. McDonald stated respondent had a 25 per cent. disability and Dr. Cronk placed his permanent disability at 35 per cent. Both of these physicians agreed that they would not accept respondent for industrial labor if they were examining him for such work.

We have held that decrease in wage-earning capacity under subdivision 3 of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, is a question of fact to be determined from all the facts and circumstances by the State Industrial Commission by ascertaining

to what extent such disability has decreased the ability of the injured employee to work and perform labor. Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P.2d 109; Commander Mills, Inc., v. Stanstill, 180 Okla. 202, 69 P.2d 60; Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P.2d 308. We are of the opinion, and hold, that there is competent evidence reasonably tending to support the finding that the respondent sustained a loss of wage-earning capacity of $125 per month.

The remaining specifications deal with the proposition that the State Industrial Commission erred as a matter of law in fixing the date March 14, 1938, as the date on which the permanent disability commenced. Both petitioners and respondent in effect concede this error. They differ only in the method of correction. Petitioners contend that this court should give credit for payments for temporary total disability from March 14, 1938, to June 24, 1938, under the principle announced in Markham v. State Industrial Commission, 85 Okla. 81, 205 P. 163, and Commander Mills, Inc., v. Stanstill, supra; while respondent insists that the court should order the award corrected to commence from and after June 24, 1938.

When it appears that there would be the necessity for further treatment at the hearing on June 1, 1938, Mr. Hamilton, attorney for the respondent, dictated into the record a statement that he was first apprised of this condition when the medical expert witnesses took the stand and so testified. Following this statement by Mr. Hamilton, the petitioners placed Dr. Cronk on the stand, who testified that in his opinion the brace which respondent was wearing should be removed under medical supervision. At the conclusion of the doctor's testimony, Mr. Watcher, attorney for petitioners, requested that respondent report to Dr. Cronk, and stated that payment for temporary total disability would be resumed. The case was continued by agreement of the parties to the next Tulsa docket and nothing further was done until on July 2, 1938, when, as above stated, the petitioners filed their application for an order to discontinue payment of temporary total disability. We are of the opinion, and hold, that this court is without authority to change the order as requested by the respondent herein. The Attorney General has joined in the brief of the petitioners and in effect confesses error in the date of the commencement of permanent partial disability. We have held that the question as to when temporary disability ended and permanent disability commenced

is a question of fact for the determination of the State Industrial Commission (Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P.2d 560; Hamilton & Hartman v. Badgett, 164 Okla. 31, 22 P.2d 350; Sparkman v. Cosden Pipe Line Co., 182 Okla. 184, 77 P.2d 21; Globe Indemnity Co. v. Christian, 167 Okla. 78, 27 P.2d 830; Sheldon Oil Co. v. Thompson, 176 Okla. 511, 56 P.2d 1171; Gudgel v. State Industrial Commission, 151 Okla. 44, 1 P.2d 743; Mead & Phillips Drilling Co. v. Rush, 158 Okla. 265, 13 P.2d 78); and the agreement and stipulations of the parties as to the extent and degree of disability is not binding unless approved by the State Industrial Commission. Briscoe Const. Co. v. Listerman, supra; Sheldon Oil Co. v. Thompson, supra. If it was the intention of the State Industrial Commission to fix March 14, 1938, as the date on which permanent partial disability commenced, the commission should determine the amount paid by the petitioners from March 14, 1938, to June 24, 1938, and allow the same as a credit on the lump sum ordered paid to and including October 3, 1938. Markham v. State Industrial Commission, supra; Commander Mills, Inc., v. Stanstill, supra. If, as stated by the Attorney General and the respondent, the finding of fact that the permanent partial disability commenced on March 14, 1938, is an error, the award should be vacated and the commission should determine the date on which permanent partial disability did commence.

The award is vacated, with directions to proceed in accordance with this opinion.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur.