B. & M. CONSTRUCTION CO. et al. v. ANTHONY et al.

No. 29266. March 19, 1940.

Rehearing Denied April 9, 1940.

*100 P. 2d 1003.*

Don Anderson, of Oklahoma City, for petitioners.

Edwards & Robinson and Owen F. Renegar, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by B. & M. Construction company, employer, and the State Insurance Fund, insurance carrier, hereinafter called petitioners, seeking to obtain a review of an award made to James Anthony, hereinafter called respondent.

Respondent filed his first notice and claim for compensation alleging an injury while in the employ of the petitioner, B. & M. Construction Company. On the 9th day of May, 1939, the State Industrial Commission entered an award for permanent disability finding that respondent had a 75 per cent. disability to his right leg and a disability under the "other cases" provision of section 13356, O. S. 1931 (85 O. S. A. § 22), which entitled him to the minimum of $8 per week for not to exceed 300 weeks. It is this award which the petitioners seek to review.

The nature and extent of the disability is not an issue. The two issues presented are (1) disability which could be cured by treatment is not compensable; (2) the award for back injury is erroneous because the injury could be eliminated by the use of a shoe lift.

The record discloses that the respondent has a short left leg due to a broken bone which failed to heal properly after the accidental injury.

This proceeding before the State Industrial Commission other than the filing of the formal claim and notices was commenced by petitioners when they filed a motion for an order directing a major operation for the reduction of the limb. This application was fully considered. An expert was called by petitioners who testified that it would be necessary to perform a major operation. Thereafter respondent refused to submit to the major operation. In its order of March 29, 1939, the State Industrial Commission found that the respondent was not required to submit to the operation. No appeal was taken from this order.

Thereafter, on May 3, 1939, there was a further hearing, following which the present award for permanent disability was entered. At this hearing Dr. Faris testified for the respondent. During his testimony petitioners objected to the testimony as to the back injury for the reason that respondent had been tendered medical care for the correction of his condition and had wholly failed and refused to accept such medical care. It is clear that petitioners meant the major operation above referred to. Repeated objections were made based on the fact that a major operation would cure the disability to the back. Up to the time of this objection there had been no testimony suggesting any treatment other than the major operation. Thereafter the expert called by the petitioner suggested the use of a shoe lift.

Petitioners now urge that the respondent has no right to the award insofar as it relates to the back injury because the evidence discloses that respondent could reduce his disability by wearing what is called a shoe lift or a shoe brace. Respondent urges that this is injecting a new issue into the case because respondent was never requested to submit to treatment consisting solely of the use of the shoe lift. We agree with the position of respondent that he was never requested to submit to the use of a shoe lift, and it will not be necessary to determine whether there has been a change in the issue submitted to the State Industrial Commission. Furthermore, there is competent evidence reasonably tending to support the finding of the State Industrial Commission that the respondent is

entitled to the minimum award under the "other cases" provision of section 13356, O. S. 1931, supra, for permanent partial disability to the back. Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P. 2d 308. The petitioners by this proceeding are merely seeking to have this court weigh the evidence and find that if certain treatment had been taken the award for the back injury would not be justified. This we have repeatedly held is a question solely for the State Industrial Commission.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur.