EVANS-WALLOWER ZINC, Inc., v. HUNT et al.

No. 31475. June 12, 1945.

*159 P. 2d 720.*

Butler & Rinehart, of Oklahoma City, for petitioner.

A. L. Commons, of Miami, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Evans-Wallower Zinc., Inc., hereinafter referred to as petitioner, to obtain a review of an award which was made by trial commissioner and affirmed by the State Industrial Commission in favor of Lyle Burt Hunt, hereinafter referred to as respondent.

The record discloses that on February 24, 1940, respondent, while in the employ of petitioner as a roof trimmer, sustained an accidental personal injury when a rock fell on a steel bar and drove it into his stomach and caused him to fall five or six feet to the floor of the mine in which he was working. The injury necessitated an operation and the removal of a portion of the rectus abdominal muscle and injury to the spine in the lumbar region. The petitioner furnished the operation and the necessary medical attention. The respondent was temporarily totally disabled as a result of said injuries until May 9, 1941. Settlement for temporary total disability which resulted from the injury was made on Form 7 agreement and approved by the State Industrial Commission by order entered on December 8, 1941, which reserved for further consideration the determination of extent of permanent disability which had resulted from the injury. The respondent returned to his employment in a different capacity and worked a period of 114 days at a slightly higher wage scale. On February 7, 1942, respondent filed with the commission an application to have determined the extent of his permanent disabilities attributable to his accidental injury. As a result of hearings held to determine extent of disability, the trial commissioner entered an order on October 20, 1942, based on a decrease in wage-earning capacity of $3.15 per day. This order was vacated and further hearings were held and on February 6, 1943, the trial commissioner entered an order in which he made the following findings of fact:

"That heretofore on the 27th day of April, 1942, the Commission made and entered its order herein, filed April 28th, 1942, finding that the claimant sustained a compensable injury on the 24th day of December, 1940, while in the employ of the respondent, consisting of an injury to the left rectus muscles and tissues, and that his wages at the time of the injury were $5.72 per day, and that by reason of said accidental injury the claimant had theretofore been paid the sum of $360.00, as compensation for temporary total disability, and that it was too early to determine the extent of claimant's permanent partial disability, if any, or his wage-earning capacity.

"That by reason of said accidental injury, claimant has sustained a permanent partial disability and reduction in wage-earning capacity since August 17th, 1942, by reason of which his wage-earning capacity is now $3.12 per day or a decrease of $2.60 per day, and by reason thereof claimant is entitled to 66-2/3 per cent of the difference between his average wages at the time of said injury and his wage-earning capacity thereafter, during the continuance of such permanent partial disability not to exceed 300 weeks, and subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application or motion of any party in interest."

Based on the foregoing findings, compensation at the rate of $10 per week for a period not to exceed 300 weeks from August 17, 1942, was awarded. Appeal was had to the State Industrial Commission sitting en banc, and the findings of fact so entered and the order so entered were adopted and affirmed by the commission. This is the award which we are here called upon to review.

As grounds of error and illegality in the award, the petitioner contends, in substance, that there is an utter lack of any competent testimony upon which to base the finding, order and award. The basis for the contention so made is the fact that at the first hearing medical evidence introduced by respondent tended to establish permanent disability as a result of the removal of a portion of rectus abdominal muscles and the injury done to the lumbar vertebra, whereas at the hearings held thereafter the medical evidence of the respondent tended to establish his injury as a permanent total disability brought on by active tuberculosis either incited or aggravated by the injury. Petitioner offered competent medical witnesses who flatly contradicted the existence of the tubercular condition. Petitioner urges that under these circumstances there was but one question for the commission to determine, that is, whether the respondent had an active tubercular condition and was permanently and to-

tally disabled as a result thereof or not, and that the commission could not, under the evidence, make an award for permanent partial disability under the "other cases" provision. In support of the contention so advanced petitioner directs our attention to Deep Rock Oil Co. v. Clement, 166 Okla. 98, 26 P. 2d 408; Sugar v. Industrial Commission of Utah, 94 Utah, 56, 75 P. 2d 311; Children's Hospital Soc. v. Industrial Accident Commission, 22 Cal. A. 2d 365, 71 P. 2d 83. An examination of the cases cited will reveal that they are wholly inapplicable to the situation here presented. Prior to amendment of May 14, 1941 (85 O. S. 1941 § 22, subd. 3) compensation for disability which resulted from injury under the "other cases" provision of the statute was based upon decrease in wage-earning capacity. What constituted decrease in wage-earning capacity and extent to which the ability of the employee to labor and earn wages had been affected thereby constituted a question of fact for determination by the State Industrial Commission upon consideration of all of the evidence and inferences properly deducible therefrom and all of the other facts and circumstances in the case. Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P. 2d 308; Troup v. Baker, 184 Okla. 329, 87 P. 2d 158. Under the authority above cited the commission was at liberty to consider all of the evidence and not merely that given at the last hearing and to weigh the same, give credence to so much and such part thereof as it deemed proper and to make such finding of fact as the evidence justified and to award compensation for the type of disability which the evidence in the opinion of the commission warranted. As we view the record here, there is competent evidence to support the finding of the commission that the ability of the respondent to labor and perform work had been reduced as a result of his injury, and that the disability was partial rather than total, and that therefore the award was one which the State Industrial Commission in the administration of relief under the act was authorized

.to make and upon which its findings of fact are conclusive. See McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

In the brief of the petitioner the fact that the claimant for a period of time subsequent to his injury earned wages at a greater rate of pay than he received before his injury is stressed. The wages which an employee receives after an injury is one of several factors to be taken into consideration in determining his wage-earning capacity; however, it is not the only factor that bears upon that question. An employee who actually gets more wages after an injury than he received before may nevertheless have sustained a loss of earning capacity for which he should receive compensation. Blackstock Oil Co. v. Murtishaw, supra; Midwest Rig Building Co. v. Bradshaw, 184 Okla. 479, 88 P. 2d 340; Cornhuskers Theatres v. Foster, 181 Okla. 341, 74 P. 2d 109; Southwestern States Telephone Co. v. State Industrial Commission, 181 Okla. 533, 75 P. 2d 468; Dennehy Const. Co. v. Kidd, 192 Okla. 463, 137 P. 2d 535.

No error of law has been presented in this case. The award is sustained.