STAMEY CONST. CO. et al. v.
BLAKLEY et al.

No. 34215. April 4, 1950.

*216 P. 2d 972.*

Butler & Rinehart and David J. Morrison, all of Oklahoma City, for petitioners.

Darrah & Cook, of Clinton, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, J. Claimant filed his first notice of injury and claim for compensation, stating that on April 12, 1948, he sustained an accidental injury while running a tractor for the petitioner Stamey Construction Company. Payments were made for temporary disability. An application to determine the extent of permanent disability was filed, and after a hearing an award was entered for 30 per cent permanent partial disability to the body as a whole, and petitioners seek to vacate the award.

In a single issue petitioners present the proposition that there is no competent evidence to sustain the finding of the State Industrial Commission that the claimant has a disability as a result of the accidental injury. Claimant, a farmer, testified that he was dragging a road for the Stamey Construction Company when the tractor he was operating overturned on him resulting in injuries to his chest, legs and arms; that he was hospitalized for three weeks, at the end of which time he was discharged; that since the injury he has been unable to do his farm work due to nausea and shortness of breath; that prior to his accident he was in good health and able to do his farm work. A neighbor testified that prior to the accidental injury claimant was able to do his farm work, but that since the injury he has not performed his work on and about the farm.

Dr. Deputy testified that he had been the family physician of claimant for

25 years; that following the accidental injury he sent claimant to the hospital and treated him until his discharge therefrom; that, in August, 1948, he made X-rays and examined claimant and found a circulatory disturbance; that claimant is unable to work because of the condition of the blood vessels of the heart. He further testified that claimant developed fluid in the chest and pneumonia from the accidental injury, but that this cleared up by the time of his discharge; that claimant has aneurysm of the aorta; that he does not have the power to do his work without endangering his life; that prior to the accidental injury witness had examined claimant and he had no heart ailment. The X-ray showed a thickening of the aorta. The doctor explained aneurysm as a disintegration of the middle layer of the blood vessels and stated that aneurysm does not have to be in the aorta but can be in another blood vessel.

Dr. Hood, testifying for respondent, said that claimant had a change in the aorta due to high blood pressure; that he took X-rays and used a fluoroscope; that there was a figmentation of the aorta which shows a curve of the aorta which could easily have been mistaken for an aneurysm, but the fluoroscopic examination of this so-called bulge showed it to be caused by the lengthening of the aorta; that a fluoroscopic examination is where you cast a shadow of the X-ray on a screen; that the advantage of the fluoroscopic examination over X-ray is that you see movement as well as the static shadow. Dr. Hood did not say there was no injury to the heart. He did state that the fluoroscopic examination showed no aneurysm; that anuerysm is a dilation of the blood vessels.

Dr. Daniels, called as a witness for the petitioners, testified that he made an X-ray and fluoroscopic examination of claimant and found no aneurysm; that aneurysm is nothing more than the dilation of the aorta; that claimant has no disability other than high blood pressure and is able to work.

The cases relied upon by petitioners for vacating the award fall into three classes: cases where there was an admitted accidental injury, but it was held that neither the accidental injury nor the resulting disability arose out of and in the course of the employment, Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. 2d 647; cases in which there was no accidental injury, and cases where, whether there was an accidental injury or not, there was a total lack of medical evidence to support the finding as to the cause and extent of the disability. They have been carefully noted, and they are not applicable in the case at bar. The testimony of Dr. Deputy is positive and to the effect that claimant is unable to do hard manual labor and that his disability is a result of the accidental injury. If that is the effect of the testimony, that is sufficient. City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094. As said in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

In Starr Coal Co. v. Evans, 199 Okla. 342, 184 P. 2d 638, in discussing a related injury to an eye caused by an accidental injury to the other eye, we stated:

"The fact that the former injury occurred in the year 1918 and that inflammation had not developed at the time he received his present injury in 1943 and inflammation did not develop within 4 days thereafter is a strong circumstance tending to support the finding of the commission."

And in Keck v. Wilson, 184 Okla. 138, 85 P. 2d 757, we held that where the medical evidence was in conflict as to the degree of disability which the claimant had sustained as a result

of his accidental injury, the State Industrial Commission was at liberty to believe the medical testimony offered by the claimant and reject the testimony offered by the employer and insurance carrier. See, also, Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622. The argument of petitioners in the case at bar is, in effect, an attack on the weight of the testimony, not its competency.

In a final argument under the main proposition, petitioners assert that in finding No. 1 of the award, the State Industrial Commission stated that the disability was due to a leg injury and aggravation of a heart condition. We think this argument is without serious merit. Claimant's legs and arms were injured, and it was on cross-examination by petitioners that claimant stated they had healed since the injury. The award is based on a finding by the State Industrial Commission supported by competent evidence that due to the accidental injury the claimant now has a heart condition that is disabling. That is the criterion. Any statement in finding of fact No. 1 is merely incidental to the award, and the use of the word "aggravated" in the first paragraph of the finding is harmless. In this connection petitioners cited Deep Rock Oil Co. v. Clement, 166 Okla. 98, 26 P. 2d 408. The fact situation in that case differs so entirely from the case at bar as to lend it no value in determining the issue involved.

The award is sustained.